IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHEL BUBU, *et al.* | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-cv-1551 |
| | § | |
| PHH MORTGAGE SERVICES, also | § | |
| known as ONITY MORTGAGE, and | § | |
| NEWREZ LLC, | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, and Defendant NewRez LLC (collectively, "Defendants"), hereby remove this action from the 44th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support of such removal, Defendants respectfully show the Court the following:

## I.    STATE COURT ACTION

1.    On April 29, 2026, Plaintiff Ethel Bubu and Plaintiff Aderonke Oyekunle (collectively, "Plaintiffs") filed an Emergency Original Petition for Temporary Restraining Order, Temporary Injnction, and Permanent Injunction and for Damages (the "Petition") in the 44th District Court, Dallas County, Texas, in an action styled *Ethel Bubu et al. v. PHH Mortgage Services, a/k/a Onity Mortgage et al.* under Cause No. DC-26-07473 (the "State Court Action").

2.    In the State Court Action, Plaintiffs seek to preclude the foreclosure sale of real property located at 2007 Crosbyton Lane, Grand Prairie, Texas 75052 (the "Property") set for May 5, 2026. Specifically, Plaintiffs allege violations of the Real Estate Settlement Procedures Act ("RESPA"), the Texas Debt Collection Act ("TDCA"), Texas Property Code § 51.002, Texas

Property Code § 41.001, the Texas Deceptive Trade Practices Act, Texas Business & Commerce Code § 3.420, Texas Human Resources Code § 48.001, the Texas Theft Liability Act, negligence and gross negligence, conversion, breach of contract, tortious interference, and civil conspiracy. Plaintiff seeks temporary and permanent injunctive relief, unspecified actual damages, statutory damages, treble damages. exemplary damages, and attorneys' fees.

3.      Plaintiffs request for a temporary restraining order was purportedly granted on April 30, 2026.[1] *See* **Exhibit D-4**. Consequently, the temporary restraining order was allegedly set to expire after fourteen (14) days on May 14, 2026.

4.      As discussed below, Defendants remove the State Court Action to this Court on the basis of diversity and federal question jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a)(1), 1441.

6.      This removal is timely. Defendants are removing this case within thirty days of being properly served or otherwise appearing in the State Court Action.[2] 28 U.S.C. § 1446(b).

7.      The United States District Court for the Northern District of Texas, Dallas Division has original jurisdiction over this action based on diversity and federal question jurisdiction, as set forth below.

8.      Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following:

---

[1] Defendants were not served with a copy of the Temporary Restraining Order until May 6, 2026, the day after the foreclosure sale was scheduled. *See* **Exhibit D-4**. Defendants reserve the right to challenge the validity of this TRO in this proceeding.

[2] Defendants were served a copy of Plaintiffs' Petition on May 5, 2026. *See* **Exhibit D-1**.

---

**Exhibit A**      Index of All Matters Being Filed

**Exhibit B**      Civil Cover Sheet

**Exhibit C**      Supplemental Civil Cover Sheet

**Exhibit D**      Copy of Docket Sheet in the State Court Action

**Exhibit D-1**    Plaintiffs' Petition

**Exhibit D-2**    Proposed Temporary Restraining Order

**Exhibit D-3**    Plaintiffs' Request for Service on Defendants

**Exhibit D-4**    Issuance of Citations on Defendants

**Exhibit D-5**    Temporary Restraining Order

**Exhibit D-6**    Notice of Judgment

**Exhibit D-7**    Plaintiffs' Emergency Motion to Void Foreclosure Sale, for Contempt of Court, and to Amend Petition

**Exhibit D-8**    Defendants' Original Answer

**Exhibit D-9**    Notice to State Court of Removal

**Exhibit E**      Dallas County Appraisal District Notice of Appraised Value

9.      Simultaneously with the filing of this Notice of Removal, Defendants are:  (1) serving Plaintiffs with a copy of this Notice of Removal, and (2) filing a copy of the Notice of Removal in the 44th District Court, Dallas County, Texas. 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

10.     Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because Defendants are not citizens of Texas. The amount in controversy requirement is also satisfied, as set forth below.

### A.      Diversity of Citizenship

11.     For purposes of diversity jurisdiction, "[a] natural person's citizenship lies in the

state where the person is domiciled." *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 763 (W.D. Tex. 2019) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007)). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Id.* (quoting *Preston*, 485 F.3d at 798). Plaintiffs are natural persons and have claimed Dallas County, Texas, as their residence and domicile. *See* **Exhibit D-1** at 2. Accordingly, Plaintiffs are citizens of Texas for diversity purposes.

12.    A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). Defendant Onity Mortgage Corporation f/k/a PHH Mortgage Corporation is a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey. Therefore, for diversity purposes, Defendant PHH Mortgage Corporation is a citizen of New Jersey.

13.    For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases). NewRez's sole member is Shellpoint Partners LLC. To adequately allege NewRez's citizenship, it is necessary to trace NewRez's citizenship through multiple layers if any members are themselves entities or associations. *See Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (requiring a party to "specifically allege the citizenship of every member of every LLC" to establish diversity jurisdiction). Tracing is necessary here.

14.    Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition LLC II. The sole member of these limited liability companies is New Residential Investment Corporation. Because New Residential Investment Corporation is organized under the

laws of the State of Delaware and has its principal place of business in New York, New York, it is a citizen of both Delaware and New York. *See* 28 U.S.C. § 1332(c)(1). Accordingly, NewRez is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

15.    Because Defendants are not citizens of the same state as Plaintiffs, there is complete diversity in this case.

### B.    Amount in Controversy

16.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

17.    From a review of the Petition and other filings, it is apparent that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Plaintiffs are seeking, among other things, injunctive relief preventing a foreclosure sale and transfer of possession of the Property. *See* **Exhibit D-1**. The amount in controversy in an action for injunctive relief "is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F.3d at 1252–53. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2.

18.    When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself

that is the object of the litigation; the value of that property represents the amount in controversy.”); *see also Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).  The current value of the Property is an appropriate measure of the value of the injunctive relief sought.  According to the Dallas County Appraisal District, the Property's appraised capped value is $380,680 which exceeds the Court's jurisdictional minimum. (*See* Dallas County Appraisal District Detail, a true and correct copy of which is attached hereto as **Exhibit E**).[3] Accordingly, the amount in controversy requirement has been satisfied.

19.    Additionally, Plaintiffs expressly seek attorneys' fees, actual damages, and exemplary damages. *See* **Exhibit D-1** at 16–17. When considering all these damages for purposes of establishing the amount in controversy, which courts regularly do, it is abundantly clear that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003) (upholding district court's conclusion that compensatory damages, punitive damages, and attorney's fees would "more probabl[y] than not" exceed $75,000).

20.    Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

### IV.    <u>FEDERAL QUESTION JURISDICTION</u>

---

[3] Defendants respectfully request that the Court take judicial notice of **Exhibit E**, pursuant to Federal Rule of Evidence 201. Defendants do not concede the Dallas County Appraisal District Detail is evidence of the fair market value of the property and reserves the right to contest the value reflected in the Dallas County Appraisal District Detail. Defendants merely offer the Dallas County Appraisal District Detail at this early stage to demonstrate the amount in controversy is satisfied.

21.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, (2003).

22.     A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris, 538 F.3d 334, 338* (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

23.     Because of specific references to federal statutes in the Complaint, removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiffs allege violations of RESPA. **Exhibit D-1** at 8–9.  Pursuant to 12 U.S.C. § 2614, this Court is expressly granted original jurisdiction to hear such a claim. *See Good v. Prof-2013-S3 Legal Title Tr. V by U.S. Bank Nat'l Ass'n*, No. 3:17-CV-2967-M-BN, 2018 WL 654550, at *3 (N.D. Tex. Jan. 8, 2018). Thus, removal is proper on the basis of federal question jurisdiction in accordance with 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

### V.     SUPPLEMENTAL JURISDICTION

24.     Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any state and common law claims that form part of the same case or controversy and arise out of a common nucleus of operative fact. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997).  This principle applies not only to cases originally brought in federal court, but also to cases removed to federal court. *Id*. at 165. Here, any state law claims that Plaintiffs attempt to assert necessarily share a common nucleus of operative fact with Plaintiffs' federal claims in that

Plaintiffs' claims in this matter are all based on the same alleged wrongful conduct by Defendants. Therefore, supplemental jurisdiction would exist over Plaintiffs' state law claims.

## VI.    RESERVATION OF RIGHTS

25.    In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## VII.    CONCLUSION

WHEREFORE, Defendants remove this action from the 44th District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

/s/ Maximiliano D. Elizondo

**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Matthew K. Hansen**
Texas Bar No. 24065368
matt.hansen @troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Maximiliano D. Elizondo**
State Bar No. 24142864
max.elizondo@troutman.com
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, a true and correct copy of the foregoing instrument was served on the following individual according to the Federal Rules of Civil Procedure:

**Via U.S. Mail & Email**
Aderonke Oyekunle
Ethel Bubu
2007 Crosbyton Ln.
Grand Prairie, Texas 75052
(502) 994-3571
ronke.lola@gmail.com
***Pro se Plaintiffs***

/s/ Maximiliano D. Elizondo
Counsel for Defendants