EXHIBIT D

Details

## Case Information

DC-26-07473 | ETHEL BUBU, et al vs. PHH MORTGAGE SERVICES, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-26-07473 | 44th District Court | FRAZIER, VERETTA |
| File Date | Case Type | Case Status |
| 04/29/2026 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
BUBU, ETHEL

Active Attorneys ▾
Pro Se

PLAINTIFF
OYEKUNLE, ADERONKE

Active Attorneys ▾
Pro Se

DEFENDANT
PHH MORTGAGE SERVICES

Aliases
AKA ONITY MORTGAGE

DEFENDANT
NEW REZ LLC

**EXHIBIT D**

## Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
|---|---|---|---|
| TRO CASH BOND | | $10.00 | POSTED |

## Events and Hearings

04/29/2026 NEW CASE FILED (OCA) - CIVIL

04/29/2026 CASE FILING COVER SHEET ▾

CASE FILING COVER SHEET

04/29/2026 AFFIDAVIT INABILITY TO PAY

04/29/2026 ORIGINAL PETITION ▾

ORIGINAL PETITION

04/29/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

Comment
NEW REZ LLC

04/29/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

Comment
PHH MORTGAGE

04/29/2026 ISSUE CITATION ▾

ISSUE CITATION-NEW REZ LLC

ISSUE CITATION-PHH MORTGAGE SERVICES

5/13/26, 2:03 PM                                                    Details

**EXHIBIT D**

04/29/2026 PROPOSED ORDER/JUDGMENT ▾

PROPOSED TRO

Comment
PROPOSED TRO

---

04/30/2026 TRO HEARING ▾

ORDER - TEMPORARY RESTRAINING & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

Hearing Time
3:30 PM

---

04/30/2026 ORDER - TEMPORARY RESTRAINING ▾

ORDER - TEMPORARY RESTRAINING & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

Comment
& ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

---

04/30/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

04/30/2026 ISSUE TRO ▾

ISSUE TRO-PHH MORTGAGE SERVICES

---

04/30/2026 CITATION ▾

Unserved

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Comment
PHH MORTGAGE SERVICES 9214 8901 0661 5400 0219 1212 02

---

04/30/2026 CITATION ▾

Unserved

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Comment
NEW REZ LLC 9214 8901 0661 5400 0219 1215 23

---

05/01/2026 TEMPORARY RESTRAINING ORDER ▾

Unserved

**EXHIBIT D**

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Comment
PHH MORTGAGE SERVICES 9214 8901 0661 5400 0219 1486 67

---

05/04/2026 NOTICE OF JUDGMENT MAILED ▾

TRO & ORDER SETTING HEARING MAILED

  Comment
  TRO & ORDER SETTING HEARING MAILED

---

05/05/2026 MOTION - EMERGENCY ▾

MOTION - EMERGENCY PLAINTIFF'S EMERGENCY MOTION BEFORE ANYCIVIL DISTRICT JUDGE TO VOID FORECLOSURE S

  Comment
  MOTION BEFORE ANY CIVIL DISTRICT JUDGE TO VOID FORECLOSURE SALE, FOR CONTEMPT
  OF COURT & TO AMEND PETITION TO ADD CITY OF GRAND PRAIRIE AS DEFENDANT

---

05/13/2026 ISSUE CITATION

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/13/2026 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

---

05/14/2026 Temporary Injunction ▾

ORDER - TEMPORARY RESTRAINING & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

5/13/26, 2:03 PM                                                                 Details

**EXHIBIT D**

Judicial Officer
FRAZIER, VERETTA

Hearing Time
10:00 AM

Comment
SET PER ORDER SIGNED 4/30/2026

## Financial

BUBU, ETHEL
| | | |
|---|---|---:|
| Total Financial Assessment | | $379.00 |
| Total Payments and Credits | | $5.00 |

| Date | Description | | | | Amount |
|---|---|---|---|---|---:|
| 4/29/2026 | Transaction Assessment | | | | $350.00 |
| 4/30/2026 | Transaction Assessment | | | | $16.00 |
| 4/30/2026 | Transaction Assessment | | | | $5.00 |
| 4/30/2026 | PAYMENT (CASE FEES) | Receipt # 29901-2026-DCLK | BUBU, ETHEL | | ($5.00) |
| 5/13/2026 | Transaction Assessment | | | | $8.00 |

## Documents

CASE FILING COVER SHEET

ORIGINAL PETITION

REQUEST FOR SERVICE

REQUEST FOR SERVICE

PROPOSED TRO

ISSUE CITATION-NEW REZ LLC

ISSUE CITATION-PHH MORTGAGE SERVICES

Details

**EXHIBIT D**

ORDER - TEMPORARY RESTRAINING & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

REQUEST FOR SERVICE

ISSUE TRO-PHH MORTGAGE SERVICES

TRO & ORDER SETTING HEARING MAILED

MOTION - EMERGENCY PLAINTIFF'S EMERGENCY MOTION BEFORE ANYCIVIL DISTRICT JUDGE TO VOID FORECLOSURE S

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

EXHIBIT D-1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 33977128**
**Date Processed: 05/06/2026**

| Primary Contact: | Noemi Morales<br>Onity Group Inc.<br>1661 Worthington Rd<br>Ste 100<br>West Palm Beach, FL 33409-6493 |
| --- | --- |

| | |
| --- | --- |
| **Entity:** | PHH Mortgage Services Corp<br>Entity ID Number  2131683 |
| **Entity Served:** | PHH Mortgage Services |
| **Title of Action:** | Ethel Bubu vs. PHH Mortgage Services, also known as Onity Mortgage |
| **Matter Name/ID:** | Ethel Bubu vs. PHH Mortgage Services, also known as Onity Mortgage (19217269) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-26-07473 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/05/2026 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Aderonke Oyekunle, Pro Se<br>502-994-3571 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**  PHH MORTGAGE SERVICES
BY SERVING CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ETHEL BUBU; ADERONKE OYEKUNLE**

Filed in said Court **29th day of April, 2026** against

**PHH MORTGAGE SERVICES; NEW REZ LLC**

For Suit, said suit being numbered <u>**DC-26-07473,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 30th day of April, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



CERTIFIED MIAL

# CITATION

No.: <u>DC-26-07473</u>

<u>ETHEL BUBU, et al</u>
**vs.**
<u>PHH MORTGAGE SERVICES, et al</u>

ISSUED
**on this the 30th day of April, 2026**

**FELICIA PITRE
Clerk District Courts,
Dallas County, Texas**

By: <u>**ALICE TORRES**</u>, Deputy

**Attorney for Plaintiff PRO SE
ETHEL BUBU
ADERONKE OYEKUNLE**
2007 CROSBYTON LANE
GRAND PRAIRIE TX  75052
502-994-3571
ronke.lola@gmail.com

**Affidavit Of Inability To Pay**

**OFFICER'S RETURN**

Cause No. DC-26-07473

Court No.: 44th District Court

Style: ETHEL BUBU, et al
vs.
PHH MORTGAGE SERVICES, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____ County, _____ | |
| For Notary | $_____ | By_____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

Notary Public_____ County_____

AFFIDAVIT INABILITY TO PAY

CAUSE NO. _DC2407?73_

ETHEL BUBU, an Individual; and
ADERONKE OYEKUNLE, Individually and
as Power of Attorney
for Ethel Bubu,
    **Plaintiffs,**

v.

PHH MORTGAGE SERVICES, also known as
ONITY MORTGAGE; NEWREZ LLC;
    **Defendants.**

IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

D-4-4UI1 _____ JUDICIAL DISTRICT

---

### PLAINTIFFS' EMERGENCY ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER,

### TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION;

### AND FOR DAMAGES

---

### I. INTRODUCTION

This is an emergency action to stop the unlawful foreclosure auction of the family homestead of Plaintiff Ethel Bubu (Dr. Bubu), an elderly, medically incapacitated woman, scheduled for May 5, 2026, at the Dallas County Courthouse. The property located at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, Dallas County, is Dr. Bubu's sole residence and has been the family's homestead for over twenty years. The auction must be stopped immediately because it is procedurally void, federally prohibited, and the product of Defendants' sustained fraud, escrow manipulation, elder financial exploitation, and bad faith servicing.

Defendants PHH Mortgage Services (now operating as Onity Mortgage) and NewRez LLC have: (1) failed to respond to a formal Qualified Written Request and Notice of Error as required by the Real Estate Settlement Procedures Act (RESPA); (2) proceeded with foreclosure while an active, unresolved loss mitigation application and servicing dispute are pending, in direct violation of RESPA's dual-tracking prohibition; (3) failed to provide the notice required by Texas Property Code § 51.002 before proceeding to foreclosure sale; (4) accepted and failed to investigate double insurance billing that manufactured an artificial escrow shortage; (5) refused to

investigate or act upon the theft of a dual-payee insurance check on which PHH Mortgage was a named payee; (6) engaged in a pattern of harassment, deception, and financial exploitation of an elderly, disabled borrower in violation of Texas and federal law; and (7) denied all meaningful loss mitigation assistance while refusing to produce the investor's written policy purportedly blocking such relief.

The homestead of a medically incapacitated elderly woman  whose home has been rendered uninhabitable by an unmitigated fire and actively making its residents ill without this Court's **immediate intervention,** will be auctioned on May 5, 2026. **Money damages after the fact cannot restore a twenty-year homestead.** Plaintiffs are entitled to a Temporary Restraining Order today.

## II. PARTIES

### A. Plaintiffs

Plaintiff Ethel Bubu is an individual residing at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, Dallas County, Texas. Dr. Bubu is elderly and has been medically incapacitated due to long-term disability and injuries sustained during recovery. She has no income and has been unable to manage her affairs independently. She is the borrower on Loan Number 7092982862 and 7092982870 and the titled owner of the subject property.

Plaintiff Aderonke Oyekunle is an individual residing at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, Dallas County, Texas. She appears before this Court in three distinct capacities, each of which independently confers standing. First, she is the duly appointed Durable Power of Attorney (Exhibit A) and Attorney-in-Fact for Ethel Bubu, with authority to manage all affairs related to Dr. Bubu's mortgage account and the subject property. Second, she is an individual plaintiff in her own right, bringing claims for personal injury, physical harm, conversion of her personal property, and tortious interference with her legal relationship as POA all caused directly by Defendants' conduct. Third, she is the person who has at all relevant times been making the mortgage payments on Loan Number 7092982862 and 7092982870  from her own personal financial resources. The escrow shortage manufactured by Defendants' double billing, and every inflated mortgage payment resulting therefrom, was extracted directly from Aderonke Oyekunle's personal funds. She is therefore a direct financial victim of the escrow fraud in her own right, entirely independent of her capacity as POA. Aderonke Oyekunle individually was affected by the conversion of the dual-payee insurance check by State Farm and ServPro and allowed by PHH Mortgage to continue without pursuit by them. These individual claims belong to Ms. Oyekunle alone and are not derivative of Dr. Bubu's claims.

### B. Defendants

Defendant PHH Mortgage Services, also known as Onity Mortgage, is a mortgage servicer that has at all relevant times serviced Loan Number 7092982862 secured by the subject property.

PHH Mortgage Services may be served through its registered agent in Texas or by certified mail to its principal office at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. PHH Mortgage Services has also operated under the trade name Onity Mortgage and through affiliated entity NewRez LLC, whose branding appears on loan correspondence.

Defendant NewRez LLC is a related entity whose name and branding appear on official loan correspondence and escrow documentation issued in connection with the subject loan. NewRez LLC may be served through its registered agent in Texas or by certified mail to C/O PHH Mortgage Services, PO Box 24738, West Palm Beach, Florida 33416.

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to the Texas Constitution and Texas Civil Practice and Remedies Code. The subject property is located in Dallas County, Texas. All acts and omissions of Defendants giving rise to Plaintiffs' claims occurred in whole or in part in Dallas County, Texas. Venue is proper in Dallas County under Texas Civil Practice and Remedies Code § 15.011, as this is an action involving real property located in Dallas County. This Court also has jurisdiction over Plaintiffs' claims under RESPA, 12 U.S.C. §§ 2601 et seq., and Texas state law claims arising from the same transaction.

## IV. THE SUBJECT PROPERTY

The property at issue is located at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, Dallas County, Texas, legally described as CIMMARON ESTATES PH 3C, BLK N LT 13, as recorded in Volume 2005161, Page 15046, Deed Records of Dallas County, Texas, Account No. 280285800N0130000, the full legal description of which is incorporated herein by reference (the "Property"). The Property is the sole residence and constitutionally protected homestead of Plaintiff Ethel Bubu. It has been continuously occupied and claimed as the family homestead for over twenty years. The Property is subject to Loan Numbers 7092982862 and 7092982870 serviced by Defendants. A Durable Power of Attorney in favor of Aderonke Oyekunle is recorded in the relevant county records.

NOTICE: On the date of filing of this Petition, a Notice of Lis Pendens is being filed concurrently in the real property records of Dallas County, Texas, providing constructive notice to all persons of this pending action affecting title to the Property.

## V. FACTUAL BACKGROUND

### A. The Fire and State Farm's Bad Faith

On April 18, 2023, a fire occurred at the Property and was insured by State Farm Insurance. State Farm failed to require its preferred mitigation vendor to perform any mitigation work. State Farm also failed to provide alternate living arrangements for the displaced residents, as is standard practice for a covered casualty event. The fire extinguisher residue and soot contamination remain entirely unmitigated from the date of the fire to this day in 2026. The allowance of the toxic fire extinguisher and fire soot to be unmitigated has rendered the home too toxic to live, but the Plaintiffs have had to reside there because it is their sole home. Plaintiff Aderonke has suffered ongoing physical harm from exposure to these conditions of the unmitigated home and has been forced financially to have to go back to residing the contaminated Property due to Defendants' refusal to address the underlying escrow and insurance fraud that deliberately blocked any restoration.

State Farm compounded its bad faith by placing two separate claims on the Property: the legitimate claim for the April 18, 2023 fire, and a fraudulent claim for an April 1, 2023 incident that never occurred. This fraudulent second claim inflated the Property's insurance premiums by approximately $2,000 per year and prevented the homeowner from opening additional claims. Plaintiffs have notified the successor insurer, Allstate Insurance Company, of the erroneous date of loss entries. PHH Mortgage was informed of State Farm's fraudulent conduct and failed to act.

## B. PHH's COVID Mortgage Assistance and Carol Quinones

In 2022, Dr. Bubu reinstated COVID-19 mortgage assistance that had been approved through PHH Mortgage. PHH mortgage specialist Carol Quinones, during the process, attempted to undermine and gut the approved assistance after it had been authorized. Carol Quinones was removed from the account at Dr. Bubu's explicit request, however, around 2023, Carol Quinones was reinstated to the account without the homeowner's knowledge or consent. In 2024 (see request from on October 10, 2024 in Exhibit B) the same pattern of denial of assistance resumed upon the reinstatement of Carol Quinones at a critical time. This pattern of unauthorized reinstatement followed by systematic denial of relief constitutes bad faith and supports Plaintiffs' claims of deliberate targeting of a vulnerable borrower.

## C. The Double Insurance Billing and Manufactured Escrow Shortage

Plaintiffs' escrow account has been artificially inflated and manipulated through a pattern of unauthorized double insurance billing that PHH authorized without scrutiny and in bad faith.

When Plaintiff Oyekunle identified the double billing and demanded cure in April 2025, PHH denied any double billing had occurred due to PHH's purported 'investigation' which consisted of asking State Farm whether it had double-billed (See Exhibit D). State Farm denied the double billing and PHH then altered its account records to conform to State Farm's denial. Critically, a large disbursement entry that appeared in the account history in around November 2024 has since disappeared from the account records. PHH's documentation now reflects only the August 28, 2024 State Farm disbursement of $8,203, which was unauthorized and **outside of the scope** of insurance payments because original agent David Peterson billed PHH for 2023 homeowner's

insurance in **November 2023**. Plaintiffs assert the billing was done without consent and without the knowledge of Plaintiffs by Amber Bishop, State Farm agent hired after termination of longtime agent David Peterson (due to the handling of the fire claim) around August 2024. There was in fact an approximately $13,000-$11,000 billed to PHH in November 2024 authorized by Plaintiffs by State Farm Insurance agent Mike Brewer, the new agent hired around September 2024 after Amber Bishop was terminated due to deceptive behavior around the fire claim. Plaintiffs did not discover the Amber Bishop fraudulent $8,203 billing until around March or April 2025 and promptly held PHH to account because Plaintiffs discovered this and the billing done by Mike Brewer was the source of the inflation of the mortgage and mismanagement of the escrow by PHH.

Plaintiffs changed insurance promptly on November 22, 2024 for 2 reasons the active check fraud occurred the week before and State Farm's claims adjuster Tony Smith and Regional Manager Allen Stoneham authorized Bank of America to release the hold on the check written to PHH and Plaintiff Bubu (not signed at all by Plaintiff Aderonke) Serv Pro stole from Plaintiff Aderonke to be cashed; and the sky high insurance billing of approximately $13,000- $11,000 done by Mike Brewer. It should be noted that we ask this court to have Mike Brewer provide all his financial records and communications to PHH from October 2024-August 2025.

PHH paid three separate insurance disbursements for the same policy year, without reconciling the payments, without notifying the homeowner, and without verifying whether any given disbursement was authorized. The direct result was a manufactured escrow shortage of approximately $5,619.33, as reflected in PHH's own March 14, 2025 escrow analysis, but this shortage has been higher due to their actions. This shortage in fact is much larger and allowed State Farm agents to walk away with potentially $21,000 to $26,000 of escrow money they were not entitled to.

Moreover, PHH's own escrow statement dated February 8, 2024 reflects an opening actual escrow balance of $599.19 against an anticipated opening balance of $3,981.70, a deficit that predates the 2024, double billing events (See Exhibit D and Exhibit C) and demonstrates that PHH's escrow mismanagement predates and compounds the specific billing fraud at issue.

It is worth noting that PHH paid total insurance charged to Dr. Bubu's escrow = ~$8k + ~$11k–$13k + ~$5k = **roughly \*\*$24,000 to $26,000\*\* in one year (2024).**

### D. The ServPro Check Theft and PHH's Deliberate Inaction

In November 2024, ServPro, a preferred vendor of State Farm Insurance, stole the State Farm check issued jointly to Ethel Bubu AND PHH Mortgage Services. This check proceeds were designated for the fire claim property restoration. A check made payable to two parties requires the endorsement of both payees before it can be cashed under applicable law.

After the theft of the check ServPro deposited the check at Bank of America without the endorsement of Ethel Bubu and without the endorsement of PHH Mortgage Services.

In order to obtain Bank of America's cashing of the check without the required dual endorsements, ServPro contacted State Farm claims adjuster Tony Smith. Tony Smith approved the removal of the hold on the check as a representative of the issuer, State Farm, thereby enabling Bank of America to release the funds to ServPro and their lawyers. This conduct constitutes conversion of a negotiable instrument under Texas Business and Commerce Code § 3.420, fraud, check fraud, and theft (and other Federal Laws).

No work was performed on the Property by ServPro. ServPro also removed personal belongings from the Property without performing any services and also in order to conduct the conversion of the fire claim insurance funds. (See Exhibit I for current condition of the home kitchen)

The theft which occurred around November 15, 2024 was immediately reported to the Grand Prairie Police Department and State Farm once Plaintiff Aderonke was safely out of the presence of the ServPro contractor. A Grand Prairie Police tenured officer of twenty years reviewed the evidence including documentation of the fraud, conversion, check fraud, and elder abuse and a lawyer consultation that stated as such and the officer issued a police report for referral to the detective unit. The detective dismissed the case without investigation and without referral to prosecutors, despite the fact that the full evidence trail: the checks, PHH's correspondence, State Farm's communications, and ServPro's admissions was available and discoverable.

PHH Mortgage was informed of the theft in writing and verbally. PHH's response was that the matter was 'civil' and outside its responsibility. Despite this characterization, PHH simultaneously continued to demand to receive the ~$80,000 check from Dr. Bubu all while knowing the funds had been stolen from a check on which PHH itself was a named payee with legal rights and duties. PHH's failure to pursue its own legal rights as a named payee on the stolen check, while continuing to ask for the check they knew was stolen and pursue foreclosure against the elderly borrower for those same missing funds, constitutes **gross bad faith.**

Furthermore, on November 22, 2024, when Plaintiff Oyekunle called Mike Brewer's office to cancel the State Farm policy and informed Mike Brewer of the check fraud committed by Tony Smith, Mike Brewer stated: 'Tony Smith would never allow the check with Ethel Bubu and PHH Mortgage to be cashed. That is insurance fraud. Let me call him myself. He is a good guy.' Yet Tony Smith did exactly that, he approved the removal of the hold. State Farm's own agent acknowledged the illegality of what occurred. PHH was informed of this exchange and continued to do nothing.

### F. PHH's RESPA Violations — Notice of Error and Failure to Respond

On July 3, 2025 (See Exhibit E), Plaintiff Oyekunle, as Power of Attorney for Ethel Bubu, served PHH Mortgage Services with a formal written Notice of Error and Qualified Written Request pursuant to 12 U.S.C. § 2605(e) and 12 CFR § 1024.35 (the 'RESPA Letter'). PHH's only response to the RESPA Letter was an acknowledgment that it needed additional time to respond. PHH has never substantively responded to the RESPA Letter. As of the date of filing of this Petition, PHH's response is overdue by many months. This failure constitutes an independent

statutory violation of 12 U.S.C. § 2605(e) and 12 CFR § 1024.35, carrying actual damages, statutory damages of up to $2,000, and attorney's fees and costs per violation.

## G. PHH's Denial of Mortgage Assistance from 2024-2026

Plaintiffs submitted a written loss mitigation applications to PHH Mortgage Services from 2024-2026 and requested specifically foreberance. PHH's response was to repeatedly deny assistance and offer short sale for the home that has been owned by the original owner, has a HAMP modification, and owned for 19-21 years. Exhibit B is an example of the type of Mortgage assistance request that the Plaintiffs submitted.

Furthermore the Plaintiffs PHH's RESPA Letter of July 3, 2025 (Exhibit E) , constitutes a renewed loss mitigation request and dispute, to which PHH never responded. PHH has proceeded with foreclosure while this application and dispute remain unresolved. This is textbook dual-tracking, expressly prohibited by 12 CFR § 1024.41(g), which provides that a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, if the borrower has submitted a complete loss mitigation application that has not been fully resolved. No complete, documented resolution has occurred here. (See Exhibit I)

## H. Physical Harm to POA

Plaintiff Oyekunle re-entered the Property that has caused her medically documented harm as a result of State Farm and ServPro and others and PHH direct failure to act in good faith as the servicer of the home. Their lack of financial prudence has caused Aderonke to have direct financial impact due to the escrow fraud independent of and in addition to her role as POA. The conspiracy to manufacture a default and drive this property to foreclosure stole directly from Aderonke Oyekunle. This financial impact has also caused her to not be able to receive continued and needed medical care.

## I. Failure to Provide Required Foreclosure Notice

Texas Property Code § 51.002 imposes specific and mandatory notice requirements before a foreclosure sale may be conducted. These requirements include written notice to the borrower sent by certified mail to the borrower's last known address not later than twenty days before the date of the sale. Plaintiff Ethel Bubu received no notice of the May 5, 2026 foreclosure auction. Plaintiff Oyekunle received no notice of the May 5, 2026 foreclosure auction. Failure to comply with the mandatory notice requirements of § 51.002 renders the foreclosure sale void or voidable and independently entitles Plaintiffs to injunctive relief.

## J. Adult Protective Services Report and Ongoing Elder Abuse

On April 28, 2026, at approximately 12:39 AM, Plaintiff Oyekunle contacted the Texas Adult Protective Services hotline at 1-800-252-5400 to report the financial exploitation and elder abuse of Plaintiff Ethel Bubu. The report was accepted by APS worker Kandice, Employee ID 5649, who confirmed the matter falls within APS guidelines, generated Report ID 81280845, and assigned the matter to an active APS investigator. This official report was generated eight days

before the scheduled May 5, 2026 foreclosure auction. Defendants proceeded toward that auction notwithstanding the existence of an active, assigned APS investigation into the financial exploitation of the victim whose home they seek to sell. Notably, a prior call to the same hotline that has been placed some time ago by Aderonke due to the serious nature of the State Farm/ServPro gross conduct which prompted Aderonke to make this call again on April 28, 2026. See Exhibit F.

## K. Evidence of Coordinated Escrow Fraud

PHH's own records and the Dallas County Tax history expose the fraud in simple math. Property taxes on the subject property **decreased** every year from 2022 through 2025 from ~$5,553 in 2022 to ~$3,616 in 2025. However, PHH increased the monthly mortgage payment from approximately $1,349 in early 2023 to $1,819.73 by February 2025. The principal and interest payment is fixed at $462.76 under the **HAMP modification** and has never changed. The only variable is the **escrow. Escrow goes up when taxes and insurance go up.** Taxes went *down*. PHH extracted approximately $470 per month more than was legitimate — totaling an estimated **$19,000** from the Plaintiffs personal accounts **since 2023** (the year of the fire claim). Therefore the mortgage payment increase is attributable solely to fraudulent insurance billing that PHH accepted from unauthorized agents without verification, without notice to Plaintiffs, and in full knowledge of the fraudulent practices in coordination with State Farm. PHH paid approximately $24,000 to $26,000 in insurance disbursements in a single policy year 2024 when legitimate annual premiums should have been a fraction of that amount. The precise figures, the full escrow ledger, all insurance disbursements, and all communications between PHH and State Farm agents from 2023 to present are in PHH's exclusive possession. *See* Exhibit G (Dallas County Tax Payment History 2014–2025) and Exhibit H (Dallas County 2025 Tax Statement with Legal Description and Exemptions). Plaintiffs demand their production in full.


## VI. CAUSES OF ACTION

### COUNT I — VIOLATION OF RESPA, 12 U.S.C. § 2605(e) AND 12 CFR § 1024.35(Failure to Respond to Qualified Written Request / Notice of Error)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Defendants are mortgage servicers subject to RESPA. On July 3, 2025, Plaintiffs served Defendants with a valid Notice of Error and Qualified Written Request meeting all statutory requirements. Defendants acknowledged receipt. Defendants failed to substantively respond within the time required by 12 CFR § 1024.35(d). This failure is an independent statutory violation. Plaintiffs are entitled to actual damages, statutory damages of up to $2,000, and attorney's fees and costs under 12 U.S.C. § 2605(f).

### COUNT II — VIOLATION OF RESPA, 12 CFR § 1024.41(g)(Prohibited Dual Tracking — Foreclosure While Loss Mitigation Pending)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Plaintiffs submitted a complete written loss mitigation application to Defendants on October 10, 2024 (see Exhibit B). Plaintiffs renewed that request through the RESPA Letter of July 3, 2025. No complete, documented resolution of those applications has occurred. Defendants have proceeded with and scheduled a foreclosure sale for May 5, 2026, in direct violation of 12 CFR § 1024.41(g). Plaintiffs are entitled to actual damages, statutory damages, and injunctive relief stopping the May 5, 2026 sale.

## COUNT III — VIOLATION OF RESPA, 12 U.S.C. § 2605(k)(Adverse Action During Unresolved Servicing Dispute)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. 12 U.S.C. § 2605(k)(1)(C) prohibits a servicer from failing to take timely action to respond to a borrower's requests to correct errors and from proceeding with adverse action, including foreclosure while a servicing error dispute is pending. Defendants have done both. Plaintiffs are entitled to damages and injunctive relief.

## COUNT IV — VIOLATION OF TEXAS PROPERTY CODE § 51.002(Defective Foreclosure Notice — Void Sale)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Texas Property Code § 51.002 mandates specific written notice to the borrower at least twenty days before a foreclosure sale. Plaintiffs received no such notice of the May 5, 2026 auction. Defendants' failure to comply with § 51.002 renders the foreclosure sale void or voidable. Plaintiffs are entitled to injunctive relief preventing the sale and to all available remedies for a defective foreclosure.

## COUNT V — VIOLATION OF TEXAS PROPERTY CODE § 41.001(Homestead Protection)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. The Property is the constitutionally and statutorily protected homestead of Plaintiff Ethel Bubu. Texas Property Code § 41.001 prohibits the forced sale of a homestead for general debts except under strict procedural compliance. Defendants have failed to comply with applicable procedural requirements. The attempted sale violates Texas homestead protections and must be enjoined.

## COUNT VI — VIOLATION OF TEXAS FINANCE CODE § 392 (TEXAS DEBT COLLECTION ACT)(Harassment and Deceptive Debt Collection Practices)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Defendants engaged in prohibited debt collection conduct under Texas Finance Code §§ 392.301 and 392.304 by: continuing collection calls and written demands to a medically incapacitated elderly borrower after being informed of her condition and after a RESPA dispute was filed; making false representations that no double billing occurred; claiming investor approval blockage without providing written documentation; and threatening foreclosure while a servicing dispute remained

unresolved. Plaintiffs are entitled to actual damages, injunctive relief, and attorney's fees under the Texas Debt Collection Act.

## COUNT VII — VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT(Tex. Bus. & Com. Code § 17.46)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Defendants made false, misleading, and deceptive representations including: (a) that no double billing of insurance premiums occurred; (b) that BNY Mellon had blocked loss mitigation relief, without providing any written evidence; (c) that PHH's escrow records were complete and accurate; and (d) that PHH's investigation was independent, when it consisted solely of asking the accused party, State Farm, to self-report. These representations were made knowingly. Plaintiffs are entitled to actual damages, treble damages for knowing violations, injunctive relief, and attorney's fees under Texas Business and Commerce Code § 17.50.

## COUNT VIII — CONVERSION OF NEGOTIABLE INSTRUMENT(Tex. Bus. & Com. Code § 3.420 and Common Law Conversion)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. The insurance check issued jointly to Ethel Bubu and PHH Mortgage Services required both endorsements for lawful negotiation. ServPro deposited the check without either endorsement, using Tony Smith's unauthorized approval as issuer's agent. This constitutes conversion of a negotiable instrument. Defendants, as named payees with a legal right to those funds, had a duty to pursue recovery and to refrain from the check from Dr. Bubu for funds stolen from a check on which PHH was a named co-payee. Defendants' failure to act and continued demands constitute independent conversion and bad faith.

## COUNT IX — ELDER FINANCIAL EXPLOITATION(Tex. Hum. Res. Code § 48.001 et seq.; Tex. Civ. Prac. & Rem. Code § 96)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Plaintiff Ethel Bubu is an elderly person as defined under Texas Human Resources Code § 48.002. Defendants engaged in financial exploitation of an elderly person by: manufacturing an artificial escrow shortage through acceptance of unauthorized insurance billing; denying loss mitigation to a medically incapacitated elderly woman with zero income; offering only a short sale of the on twenty-year homestead only home of the elderly woman as 'assistance'; continuing collection and foreclosure proceedings after being informed of the borrower's medical incapacity; and failing to act on the theft of insurance funds from a dual-payee check while simultaneously demanding payment from the elderly victim. Plaintiffs reported this conduct to the Texas Adult Protective Services hotline. Defendants proceeded with foreclosure notwithstanding that report. Plaintiffs are entitled to all available civil remedies under Texas law for financial exploitation of an elderly person, including actual damages, exemplary damages, and injunctive relief.

## COUNT X — NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Defendants owed Plaintiffs a duty of care in the management of the escrow account, the processing of insurance disbursements, and the servicing of the loan. Defendants breached that duty by: accepting multiple unauthorized insurance disbursements without verification; failing to reconcile insurance payments and refunds lawfully; outsourcing their purported investigation to the accused party; deleting or altering account records; and continuing to pursue foreclosure while an unresolved RESPA dispute, an active loss mitigation request, and a known ongoing fraud were pending. These acts constitute gross negligence, a conscious indifference to the rights, welfare, and safety of Plaintiffs. The direct and foreseeable result was physical harm to both Plaintiffs, who have been forced to reside in an uninhabitable fire-damaged home and have suffered documented health consequences. Plaintiffs are entitled to actual damages and exemplary damages under Texas Civil Practice and Remedies Code § 41.

## COUNT XI — BREACH OF CONTRACT

The Deed of Trust and mortgage servicing agreement governing Loan Number 7092982862 and 7092982870  require Defendants to properly manage and account for the escrow account, to disburse escrow funds only as authorized, to provide accurate escrow accounting, and to act in good faith in servicing the loan. Defendants materially breached each of these obligations. Plaintiffs are entitled to actual damages arising from those breaches, including the escrow shortage amounts improperly charged, escrow amounts improperly disbursed, and mortgage payment increases caused by Defendants' breach.

## COUNT XII — TORTIOUS INTERFERENCE WITH LEGAL RELATIONSHIP

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. The Power of Attorney relationship between Plaintiff Oyekunle and Plaintiff Bubu is a recognized legal relationship. Defendants interfered with that relationship by: reinstating Carol Quinones to the account against the homeowner's explicit request; refusing to communicate properly through the designated POA channel; continuing to direct collection demands to the borrower while ignoring written correspondence from the POA; and pursuing foreclosure notwithstanding the active POA designation on file. This interference was willful and caused Plaintiff Oyekunle quantifiable harm, including loss of the ability to effectively perform her duties as POA, personal physical injury, and extended periods of incapacity. Plaintiffs are entitled to actual and consequential damages.

## COUNT XIII — CIVIL CONSPIRACY(PHH Mortgage Services, State Farm Fire & Casualty, ServPro, and Tony Smith)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Defendants PHH Mortgage Services and their co-conspirators State Farm (and their other vendors), State Farm Fire & Casualty Company, ServPro, and Tony Smith individually, and Allen Stoneham individually engaged in a civil conspiracy the object of which was to deprive Plaintiffs of the

subject Property through coordinated fraud, escrow manipulation, theft, and denial of legitimate relief. The elements of civil conspiracy under Texas law are satisfied as follows.

Two or more persons: PHH Mortgage Services, State Farm (and their other vendors), State Farm Fire & Casualty Company, ServPro (franchise and its employees), Allen Stoneham, and Tony Smith acted in concert. The object: to manufacture conditions that would drive the Property to foreclosure auction, including by eliminating the insurance restoration funds that would have allowed the Property to be repaired and the mortgage to be brought current. The meeting of minds is evidenced by: PHH's decision to conduct its 'investigation' of double billing by asking State Farm rather than reviewing its own ledger; State Farm's denial of double billing to PHH; PHH's subsequent alteration of account records to conform to State Farm's denial; Tony Smith's personal facilitation of the negotiation of the dual-payee check without required endorsements with the approval of the Regional Manager Allen Stoneham, enabling ServPro to steal the restoration funds; ServPro's admission that it contacted Tony Smith for that purpose; and PHH's decision to pursue the elderly borrower for the missing funds rather than pursue its own legal rights as a named payee against ServPro, State Farm, and Bank of America.

PHH acted contrary to its own financial interest as a servicer. Servicers profit from performing loans, not distressed sales of uninhabitable properties. PHH's consistent pattern of denying relief, accepting unauthorized disbursements, altering records, and ignoring a stolen dual-payee check on which PHH was a named party is not consistent with independent negligence. It is consistent with a coordinated objective. The overt unlawful acts include: the double insurance billing; the facilitated check theft; the alteration of escrow records; the denial of all loss mitigation; the defective foreclosure notice; and the failure to respond to the RESPA QWR. Plaintiffs have suffered damages proximately caused by this conspiracy including the inflated mortgage payments extracted from Plaintiff Oyekunle's personal funds, the loss of insurance restoration funds, the physical harm to both Plaintiffs, and the impending loss of the homestead. All conspirators are jointly and severally liable for all damages.

## COUNT XIV — TEXAS THEFT LIABILITY ACT(Tex. Civ. Prac. & Rem. Code §§ 134.001 et seq.)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. The Texas Theft Liability Act imposes civil liability on any person who commits theft as defined under Texas Penal Code § 31.03. Four distinct thefts occurred here for which Defendants and their co-conspirators are liable.

First, ServPro, with the facilitation of Tony Smith and the knowing inaction of PHH, stole the proceeds of the dual-payee insurance check. The funds belong jointly to Ethel Bubu and PHH Mortgage Services by depositing the check without required endorsements. Those funds were Plaintiffs' property and were taken without consent and with intent to deprive. Second, ServPro stole the personal property of Plaintiff Ethel Bubu an elderly woman, Aderonke Oyekunle, and adult Adeyinka who have accumulated the property over more than twenty years of residence at the Property without proper authorization and without performing any work that would justify

removal of any item. The theft of each resident's property is a separate act of theft and conversion under Texas law. The coordinated double billing of the escrow account and draining funds from an account maintained with Plaintiff Oyekunle's personal mortgage payments additionally constitutes theft by deception under Texas Penal Code § 31.03(a). Each defendant who participated in, facilitated, or knowingly benefited from these thefts is jointly and severally liable to Plaintiffs for actual damages, the greater of $1,000 or actual damages per theft, and attorney's fees under Texas Civil Practice and Remedies Code § 134.005.

## COUNT XV — PERSONAL INJURY / NEGLIGENCE(Aderonke Oyekunle, Individually)

Plaintiff Oyekunle incorporates all preceding paragraphs as if fully set forth herein and brings this Count in her individual capacity only. Defendants owed Plaintiff Oyekunle a duty of care as a co-resident of the Property, as the person making mortgage payments, and as the designated POA whose legal relationship with the borrower was known to Defendants. Defendants breached that duty through their failure to ensure that the insurance restoration funds were properly applied to repair the Property, their failure to act on the stolen dual-payee check, and their sustained escrow manipulation that left Plaintiffs financially unable to restore or vacate the Property for the proper restoration. As a direct and foreseeable result of Defendants' breach, Plaintiff Oyekunle has been physically harmed. She has been forced to continue residing in those conditions to this day because Defendants' conduct eliminated any financial means of remediation or relocation. She has suffered extended periods of medical incapacity directly attributable to Defendants' failures. These are personal injuries belonging to Plaintiff Oyekunle individually, not derivative of any claim belonging to Dr. Bubu. Plaintiff Oyekunle is entitled to actual damages for personal injury, past and future medical expenses, loss of earning capacity during periods of incapacity, and exemplary damages for Defendants' gross negligence.

## COUNT XVI — LACK OF STANDING TO FORECLOSE(Challenge to Note Holder Status and Chain of Assignment)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. Under Texas law, a party seeking to conduct a non-judicial foreclosure sale must be the holder of the promissory note or the authorized agent of the holder. Defendants have not established and **cannot establish** an unbroken chain of title and assignment from the original lender to the current purported holder sufficient to confer standing to foreclose on the Property.

Plaintiff Ethel Bubu has in her possession documentation of the original loan and its terms. The loan was subsequently modified pursuant to the federal Home Affordable Modification Program, converting the loan from a variable interest rate to a fixed interest rate. That modification constitutes a material change to the terms of the original promissory note and must itself be properly documented, executed, and carried through every subsequent transfer and assignment in the chain of title.

The loan was thereafter transferred at minimum twice through assignments to BNY Mellon as trustee of a securitized mortgage trust and subsequently placed under the servicing of PHH

Mortgage Services, now operating as Onity Mortgage. Defendants are not the original holder of the note and were not the original servicer of this loan. Each transfer in the chain required: a properly executed written assignment; recordation in the Dallas County real property records; proper endorsement of the original promissory note reflecting each transfer; and incorporation of the HAMP modification terms into the chain. Plaintiffs allege that one or more of these required steps was not properly completed, that the chain of assignments is broken, and that PHH Mortgage Services lacks standing as a matter of law to conduct the foreclosure sale of the Property. Plaintiffs are in possession of the original loan documentation and will produce it if needed. Defendants must now produce and prove the complete chain.

## COUNT XVII — DECLARATORY JUDGMENT(Tex. Civ. Prac. & Rem. Code Chapter 37)

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning: (1) whether Defendants have standing as lawful holders or authorized agents of the holder of the original promissory note, as modified by the HAMP modification, to conduct the foreclosure sale; (2) whether the chain of assignments from the original lender to BNY Mellon and then to PHH Mortgage Services is complete, unbroken, and properly recorded in the Dallas County real property records; (3) whether the HAMP loan modification executed by Plaintiff Ethel Bubu was properly incorporated into and carried through every subsequent assignment and transfer; (4) whether the foreclosure sale scheduled for May 5, 2026 is void for failure to comply with Texas Property Code § 51.002; (5) whether the foreclosure sale is prohibited by 12 CFR § 1024.41(g) due to the pending, unresolved loss mitigation application; and (6) whether the escrow shortage upon which Defendants base the purported default was manufactured through unauthorized double insurance billing and therefore does not constitute a valid basis for foreclosure.

Plaintiffs request that this Court enter a declaratory judgment resolving each of these controversies in Plaintiffs' favor, declaring the attempted foreclosure sale void or voidable, and declaring that Defendants must establish a complete and unbroken chain of title and note endorsement before any foreclosure proceeding may lawfully proceed against the Property. Plaintiffs are entitled to attorney's fees under Texas Civil Practice and Remedies Code § 37.009.

# VII. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

## A. Immediate Irreparable Harm

The foreclosure auction of the Property is scheduled for May 5, 2026. Once conducted, the sale cannot be undone as a practical matter. The Property is the **sole residence** and constitutionally protected homestead of an elderly, medically incapacitated woman with zero income. It is also the current permanent residence of her Power of Attorney, who has suffered documented

physical harm from continued occupancy of the contaminated home and who has no alternative housing. Money damages cannot restore a twenty-year homestead. The harm is immediate, irreparable, and certain.

The threatened harm extends beyond the loss of a family residence. The Property at 2007 Crosbyton Lane is the registered business address of Plaintiff Oyekunle's active consulting and business operations, having registered, state filings, client contracts, and business records tied to this address. The foreclosure auction would simultaneously destroy a twenty-year family homestead and eliminate the registered operating base of two active businesses, triggering cascading harm to state filings, federal registrations, client relationships, and business income that cannot be remedied by money damages after the fact. The irreparable harm to Plaintiffs is therefore not singular but compound:personal, residential, and commercial: all converging on May 5, 2026.

### B. Likelihood of Success on the Merits

Plaintiffs are likely to succeed on the merits on multiple independent grounds, any one of which is independently sufficient to enjoin the sale: (1) PHH's failure to respond to the RESPA QWR/Notice of Error is a documented, admitted statutory violation; (2) PHH has proceeded with foreclosure while an active, unresolved loss mitigation application is pending, in direct violation of 12 CFR § 1024.41(g); (3) Plaintiffs received no notice of the May 5, 2026 sale as required by Texas Property Code § 51.002, rendering the sale void or voidable on its face; and (4) the escrow shortage that forms the basis of Defendants' foreclosure was manufactured through double billing that Defendants accepted, failed to investigate, and then covered up. The foreclosure is both procedurally defective and substantively improper.

### C. No Adequate Remedy at Law

There is no adequate remedy at law. Once the homestead is auctioned, it is gone. Dr. Bubu an elderly, disabled, zero income cannot cure any purported default or relocate on the timeline Defendants have imposed. The Property remains in an uninhabitable state due to Defendants' own failures. Any purchaser at the May 5 auction would take the property while this litigation is pending under the lis pendens concurrently filed. Plaintiffs have no alternative remedy that can make them whole if the sale proceeds.

### D. Balance of Equities

The balance of equities strongly favors Plaintiffs. Defendants face, at most, a delay in the auction while this Court considers the merits. Plaintiffs face the permanent loss of a twenty-year family homestead. The harm to Plaintiffs from denial of the TRO is total and irreversible. The harm to Defendants from granting the TRO is minimal and temporary. The equities admit of only one result.

### E. Public Interest

The public interest strongly favors enforcement of RESPA's consumer protection provisions, Texas homestead protections, and elder abuse laws. A Court order preventing the auction of an elderly disabled woman's homestead while an active federal statutory dispute remains unresolved and while mandatory foreclosure notice was not provided, is fully consistent with the public interest.

## VIII. PRAYER FOR RELIEF

Plaintiffs Ethel Bubu and Aderonke Oyekunle respectfully request that this Court:

1. Issue a Temporary Restraining Order immediately, without notice to Defendants if necessary to prevent imminent irreparable harm, enjoining Defendants, their agents, successors, assigns, trustees, substitute trustees, and all persons acting in concert with them, from conducting or proceeding with the foreclosure sale of the Property at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, scheduled for May 5, 2026, or any other date, pending hearing on the Temporary Injunction;
2. Set a hearing on Plaintiffs' Application for Temporary Injunction on an expedited basis, before May 5, 2026;
3. Issue a Temporary Injunction maintaining the injunction against the foreclosure sale pending final resolution of this action;
4. Issue a Permanent Injunction following trial on the merits, permanently enjoining Defendants from proceeding with foreclosure based on the manufactured escrow shortage and defective process at issue herein;
5. Order Defendants to produce a full, unredacted escrow disbursement history for Loan Number 7092982862 from origination to present, including all insurance disbursements, dates, payees, amounts, full correspondence with all third parties, and internal notations;
6. Order Defendants to conduct a complete, independent escrow audit and provide Plaintiffs with a corrected escrow analysis removing all amounts attributable to the unauthorized double insurance billing and 3 insurance payments year 2024;
7. Order Defendants to conduct a genuine, independent loss mitigation review and to provide in writing the investor's policy purportedly blocking relief;
8. Award Plaintiffs actual damages in an amount to be determined at trial for RESPA violations, elder financial exploitation, negligence, breach of contract, tortious interference, and conversion;
9. Award Plaintiffs statutory damages under RESPA, 12 U.S.C. § 2605(f), in the amount of $2,000 per violation;
10. Award Plaintiffs treble damages for Defendants' knowing violations of the Texas Deceptive Trade Practices Act;
11. Award Plaintiffs exemplary damages for Defendants' gross negligence and conscious indifference to the rights and safety of an elderly, medically incapacitated borrower;

12. Award Plaintiffs civil damages for elder financial exploitation under Texas Human Resources Code § 48 and Texas Civil Practice and Remedies Code § 96;

13. Award Plaintiff Oyekunle individually actual damages, exemplary damages, and damages for personal injury, loss of earning capacity, and past and future medical expenses arising from Defendants' negligence and the forced inhabitation of the uninhabitable Property;

14. Award Plaintiffs damages under the Texas Theft Liability Act, Texas Civil Practice and Remedies Code § 134.005, including the greater of $1,000 or actual damages per theft, against all jointly and severally liable parties including PHH Mortgage Services, ServPro, Tony Smith, Allen Stoneham, State Farm Insurance, and State Farm Fire & Casualty Company;

15. Hold all civil conspirators, HH Mortgage Services, ServPro, Tony Smith, Allen Stoneham, State Farm Insurance, and State Farm Fire & Casualty Company, jointly and severally liable for all damages arising from the conspiracy;

16. Award Plaintiffs attorney's fees and costs under RESPA, the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the Texas Theft Liability Act;

17. Enter a Declaratory Judgment under Texas Civil Practice and Remedies Code Chapter 37 declaring: (a) that Defendants have failed to establish an unbroken chain of title and assignment from the original lender through Ocwen Loan Servicing to BNY Mellon to PHH Mortgage Services sufficient to confer standing to foreclose; (b) that the federal loan modification executed by Plaintiff Ethel Bubu must be produced and verified as part of the chain of title before any foreclosure may proceed; (c) that the foreclosure sale scheduled for May 5, 2026 is void or voidable for failure to comply with Texas Property Code § 51.002; and (d) that the purported escrow default is manufactured and does not constitute a valid basis for foreclosure;

18. Order Defendants to produce immediately the original promissory note with all endorsements, the HAMP loan modification agreement, and every recorded assignment in the chain of title from the original lender through BNY Mellon to PHH Mortgage Services, as a condition precedent to any foreclosure proceeding;

19. Award Plaintiffs attorney's fees under Texas Civil Practice and Remedies Code § 37.009 for the declaratory judgment action;

20. Order Defendants to preserve all escrow records, servicing notes, call logs, insurance correspondence, and all communications with State Farm, ServPro, BNY Mellon, and their agents related to Loan Number 7092982862; and

21. Grant Plaintiffs such other and further relief to which they may show themselves justly entitled.

Sincerely,



**ADERONKE OYEKUNLE, Pro Se**

.Individually and as Power of Attorney for Ethel Bubu

2007 Crosbyton Lane

Grand Prairie, Texas 75052

Phone: (502) 994-3571

Email: ronke.lola@gmail.com


**ETHEL BUBU, Pro Se**

2007 Crosbyton Lane

Grand Prairie, Texas 75052


## VERIFICATION

My name is Aderonke Oyekunle. I am over the age of eighteen, of sound mind, and capable of making this verification. I am appearing individually and as Power of Attorney for Plaintiff Ethel Bubu. I have read the foregoing Plaintiffs' Emergency Original Petition for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and all facts stated therein are within my personal knowledge and are true and correct.

I declare under penalty of perjury pursuant to Texas Civil Practice and Remedies Code § 132.001 that the foregoing is true and correct.

Executed on this 29 day of April, 2026, in Dallas County, Texas.

ADERONKE OYEKUNLEIndividually and as Power of Attorney for Plaintiff Ethel Bubu 2007 Crosbyton Lane Grand Prairie, Texas 75052 (502) 994-3571 ronke.lola@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Emergency Original Petition for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and for Damages has been served upon Defendants by certified mail, return receipt requested, and/or by such other method as permitted by the Texas Rules of Civil Procedure, on this _____ day of April 2026, addressed to:

**PHH Mortgage Services / Onity Mortgage**

Attn: Legal Department

1661 Worthington Road, Suite 100

West Palm Beach, Florida 33409

**NewRez LLC**

C/O PHH Mortgage Services

PO Box 24738

West Palm Beach, Florida 33416

ADERONKE OYEKUNLE

# EXHIBIT A

## Durable Power of Attorney

Grantor: Ethel Bubu

Power of Attorney: Aderonke Oyekunle

## *DURABLE POWER OF ATTORNEY*

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;

(2) your agent resigns or is unable to act for you; or

(3) a guardian is appointed for your estate.

I, Ethel Bubu, Ethel Oyekunle-Bubu, residing at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, appoint Aderonke Temilola Oyekunle, Aderonke Oyekunle, Ronke Oyekunle of 9415 Panther Creek Pkwy Apt 733, Frisco, Texas 75035, as my agent ("Agent") to act for me in any lawful way with respect to all of the following powers that I have listed below.

- Real property transactions

- Tangible personal property transactions

- Stock and bond transactions

- Commodity and option transactions

- Banking, banking accounts, and other financial institution transactions and maintenance

- Business operating transactions

- Insurance and annuity transactions

- Estate, trust, and other beneficiary transactions

- Claims, litigation, all criminal matters and any other legal matter

- Personal and family maintenance: inclusive of motor vehicle, auto insurance, auto loans, utility bills, mortgage, cellphone, and cellphone services, internet service and bills, TV service and bills and any other things pertaining to personal, family, personal security, house security, and household maintenance

- Student Loans, Maintenance of Social Security and Identity Protection, and Credit Reporting

- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service

1

- Retirement plan transactions

- Tax matters

- Digital assets and the content of an electronic communication

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

THIS POWER OF ATTORNEY IS NOT AFFECTED BY MY SUBSEQUENT DISABILITY OR INCAPACITY.

I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs.

This power of attorney continues until I revoke it or it is terminated by my death or other event described in Subtitle P, Title 2 of the Texas Estates Code.

I agree that any third party who receives a copy of this document must abide by this power. The meaning and effect of this durable power of attorney is determined by Texas law.

Dated _4\16\2021  2021_ , at Weatherford, Texas.

Ethel Bubu, Ethel Oyekunle-Bubu

2

STATE OF TEXAS,
COUNTY OF PARKER, ss:

This document was acknowledged before me on April 11 2021 (date) by Ethel Bubu, Ethel Oyekunle-Bubu (name of principal).

_____
(signature of notarial officer)

NITA WITHERS
NOTARY PUBLIC
STATE OF TEXAS
ID # 12637196-0
My Comm. Expires 01-10-2024

My commission expires 01-10-2024

_____
(printed name)

3

# EXHIBIT B

## Mortgage Assistance Request — October 10, 2024

Submitted by: Ethel Bubu

To: PHH Mortgage Services, Attn: Mortgage Assistance

Contains: Financial Statement and Hardship Affidavit.

Constitutes complete loss mitigation application under 12 CFR § 1024.41.

Ethel Bubu

2007 Crosbyton Ln

Grand Prairie, TX 75052

October 10, 2024

Re: Loan number 7092982862


PHH Mortgage Services

 Attn: Mortgage Assistance

1661 Worthington Road, Suite 100

West Palm Beach, FL 33409


To Whom It May Concern:

Currently I am still experiencing a long term health issue that has been going on for a while that I have not been able to work. I recently had another setback and sustained more injuries. This greater injury has caused more financial trouble. A forbearance or a payment plan for the September, October, November will Help me get back on track as I anticipate my financial troubles right now will subside. This assistance will help me focus on getting well so that I may work again.


Sincerely,

*Ethel Bubu*        10/10/2024

Ethel Bubu

Ethel Bubu

2007 Crosbyton Ln

Grand Prairie, TX 75052

October 10, 2024


Re: Loan number 7092982862

Financial Statement


PHH Mortgage Services

 Attn: Mortgage Assistance

1661 Worthington Road, Suite 100

West Palm Beach, FL 33409


To Whom It May Concern:

I Ethel Bubu no income.  I have no income due to long term disability and another injury I just sustained during my recovery.  I need assistance at this time.


Sincerely,

*Ethel Bubu*  10/10/2024

Ethel Bubu

# EXHIBIT C

## PHH Mortgage Services Annual Escrow Statement

Dated: February 8, 2024

Loan No. 7092982862

Borrower: Ethel Bubu

Actual opening balance: $599.19 vs. anticipated $3,981.70.

Deficit of $3,382.51 predates the 2024 double billing fraud.


**newrez**

C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Loan number: 7092982862

**Questions?**

**Visit us at**
**www.MortgageQuestions.com**
**Call toll free 1-888-820-6474**
**Fax 1-856-917-8300**

9000095 P 3625 RE          NZ
ETHEL BUBU
2007 CROSBYTON LN
GRAND PRAIRIE, TX 75052-8868

## Your Annual Escrow Statement Dated: February 8, 2024

### Why am I getting this statement?

In accordance with federal guidelines your escrow account is reviewed at least one time per year; however, certain circumstances may require an additional review. This statement is a result of that review known as an escrow analysis statement, which determines if sufficient funds are available to pay your taxes and/or insurance. This statement is a projection of your escrow account and may also include a history of the escrow activity on your loan since the time you last received an escrow analysis statement.

### What does this mean to me?

Because your escrow account is projected to have less money than is needed, there is a shortage of **$325.25.**

**Option 1)** Do Nothing: The monthly shortage for the next 12 months is **$27.10** and will automatically be added to your monthly payment beginning **April 2024.** Your new monthly payment for **April 2024** will be **$1,305.33.**

**Option 2)** Pay the escrow shortage as a lump sum using the attached shortage coupon. If you pay your escrow shortage by **March 20, 2024,** then your new monthly payment will be **$1,278.23** effective with your **April 2024** mortgage payment.

### What is a shortage?

A shortage is the difference between the **anticipated** escrow balance and the **required** escrow balance at the beginning of the analysis cycle. A shortage typically results from changes in taxes and/or insurance. Please refer to the enclosed FAQ for additional information.

| | |
|---|---|
| **Anticipated** escrow account balance (as of March 31, 2024): | $3,752.07 |
| **Required** escrow account balance (as of March 31, 2024 ): | $4,077.32 |
| **Difference resulting in an escrow account shortage:** | **$325.25** |

See reverse ➔

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

*Tear off here*                                                      Page 1 of 4

## Escrow analysis
## Coupon

Borrower Name: ETHEL BUBU
Loan Number: 7092982862

☐ I choose to repay the shortage of $ _____ in full.

**Shortage Amount: $325.25**

Make the check payable to **PHH Mortgage Services** and mail it with this coupon in the envelope provided. Your lump sum payment must be received by **March 20, 2024** to be effective with your **April 2024** payment.

PHH Mortgage Services
PO BOX 371887
PITTSBURGH, PA 15250-7867

You may also pay your shortage online by visiting the website shown at the top of this statement.

11 954 7092982862 0000000000 0000032525 8

**What is my new monthly payment?**

The following table reflects your current monthly payment and new monthly payment for each option:

| | Current Payment | New Payment with Shortage - Opt 1 | New Payment without Shortage - Opt 2 |
|---|---|---|---|
| Principal & Interest | $462.76 | $462.76 | $462.76 |
| Escrow Deposit | $1,004.32 | $815.47 | $815.47 |
| Escrow Shortage | | $27.10 | |
| **Total Payment** | **$1,467.08** | **$1,305.33** | **$1,278.23** |

*If your payment is issued by a third party, or if you make payments through a bill pay service, then please make sure your new total monthly payment amount is updated with your service provider.*

**Payment Change Breakdown**

Below are the escrow items we anticipate collecting for and paying on your behalf over the next 12 months. To calculate your new monthly escrow payment of $815.47, we added up the actual or estimated tax and insurance payments for the next 12 months beginning with the April 2024 payment and divided the total by 12. Included for the comparison are the Annual Payments we projected to pay during the **last analysis cycle**, as displayed in detail in the history portion of the escrow analysis statement.

| Description | Current Annual Payment | Projected Annual Payment |
|---|---|---|
| Taxes | $5,553.00 | $4,649.61 |
| Insurance | $4,003.00 | $5,136.00 |
| **TOTAL** | **$9,556.00** | **$9,785.61** |

**Prior Year Account History and Coming Year Projections**

This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure and projects payments, disbursements and balances for the coming year. The projections from your previous escrow analysis are included with the actual payments and disbursements for the prior year. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. When applicable, the letter "E" beside an amount indicates that all or a portion of a payment or disbursement on that row has not yet occurred but is estimated to occur as shown. An asterisk (*) beside an amount indicates a difference from projected activity either in the amount or date.

Projections are included to ensure sufficient funds are available to pay your taxes and/or insurance for the coming year. Under Federal Law (RESPA) the lowest monthly balance in your escrow account should be no less than $1,630.94 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies otherwise.

Your projected anticipated lowest account balance of $1,305.69 will be reached in December 2024. When subtracted from your minimum required balance of $1,630.94, an Escrow Shortage results in the amount of $325.25. These amounts are indicated with **LP**. You will receive an Annual Escrow Account Disclosure Statement reflecting the actual disbursements at the end of the next escrow analysis cycle. However, you should keep this statement for your own records for comparison. If you have any questions about this statement, please call our Customer Service Department toll free at **1-888-820-6474.**

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account, or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If you do not want us to use the information from your check to make a one time electronic funds transfer or if you have any questions, please call us at the phone number shown on the front of this statement.

**Change of name or address**

If your contact information has changed, please give us the new information below.

Name (first, middle, last)

Address (number and street)                                        Suite no.

City                                        State                Zip code

Home telephone                        Business telephone        Extension
(    )                                (    )
E-mail address


**newrez**

C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

## Your annual escrow statement (continued)
February 8, 2024

ETHEL BUBU
2007 CROSBYTON LN
GRAND PRAIRIE, TX 75052-8868

Loan number: 7092982862

**Questions?**

Visit us at
www.MortgageQuestions.com
Call toll free 1-888-820-6474
Fax 1-856-917-8300

## Escrow account projections for the coming year

| Date | Description | Anticipated amounts paid into your escrow account ($) | Anticipated amounts paid out of your escrow account ($) | Anticipated escrow account balance ($) | Required escrow account balance ($) |
|------|-------------|---|---|---|---|
| | Opening balance | | | 3,752.07 | 4,077.32 |
| Apr 2024 | | 815.47 | | 4,567.54 | 4,892.79 |
| May 2024 | | 815.47 | | 5,383.01 | 5,708.26 |
| Jun 2024 | | 815.47 | | 6,198.48 | 6,523.73 |
| Jul 2024 | | 815.47 | | 7,013.95 | 7,339.20 |
| Aug 2024 | | 815.47 | | 7,829.42 | 8,154.67 |
| Sep 2024 | HAZARD INS. | 815.47 | 5,136.00 | 3,508.89 | 3,834.14 |
| Oct 2024 | | 815.47 | | 4,324.36 | 4,649.61 |
| Nov 2024 | | 815.47 | | 5,139.83 | 5,465.08 |
| Dec 2024 | COUNTY TAX | 815.47 | 4,649.61 | 1,305.69 | 1,630.94 LP |
| Jan 2025 | | 815.47 | | 2,121.16 | 2,446.41 |
| Feb 2025 | | 815.47 | | 2,936.63 | 3,261.88 |
| Mar 2025 | | 815.47 | | 3,752.10 | 4,077.35 |
| Total | | $9,785.64 | $9,785.61 | | |

LP - indicates your required escrow lowest balance

## Prior year account History

| Date | Description | Amounts paid into your escrow account Anticipated ($) | Amounts paid into your escrow account Actual ($) | Amounts paid out of your escrow account Anticipated ($) | Amounts paid out of your escrow account Actual ($) | Escrow account balance Anticipated ($) | Escrow account balance Actual ($) |
|------|-------------|---|---|---|---|---|---|
| | Opening balance | | | | | 3,881.70 | 599.19 |
| Apr 2023 | | 796.33 | 886.65* | | | 4,778.03 | 1,485.84 |
| May 2023 | | 796.33 | 2,008.64* | | | 5,574.36 | 3,494.48 |
| Jun 2023 | | 796.33 | 1,004.32* | | | 6,370.69 | 4,498.80 |
| Jul 2023 | | 796.33 | * | | | 7,167.02 | 4,498.80 |
| Aug 2023 | HAZARD INS. | 796.33 | 1,004.32* | | 5,136.00* | 7,963.35 | 367.12 |
| Sep 2023 | HAZARD INS. | 796.33 | 2,008.64* | 4,003.00 | * | 4,756.68 | 2,375.76 |
| Oct 2023 | | 796.33 | * | | | 5,553.01 | 2,375.76 |
| Nov 2023 | | 796.33 | * | | | 6,349.34 | 2,375.76 |
| Dec 2023 | COUNTY TAX | 796.33 | * | 5,553.00 | 4,649.61* | 1,592.67 | -2,273.85 |
| Jan 2024 | | 796.33 | * | | | 2,389.00 | -2,273.85 |
| Feb 2024 | | 796.33 | 5,021.60 E | | E | 3,185.33 | 2,747.75 |
| Mar 2024 | | 796.33 | 1,004.32 E | | E | 3,981.66 | 3,752.07 |
| Total | | 9,555.96 | 12,938.49 | 9,556.00 | 9,785.61 | | |

Texas Property Owners: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by: mail to the aforementioned address, telephone through their toll-free consumer hotline listed, or email at smlinfo@sml.texas.gov.

 **newrez**

C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

## ESCROW ANALYSIS BORROWER GUIDE
## FREQUENTLY ASKED QUESTIONS (FAQ)

### What's an escrow analysis?

The Real Estate Settlement Procedures Act, "RESPA", requires servicers perform an escrow analysis at least one time annually. Any increase or decrease to your annual property taxes and/or insurance premiums may cause the mortgage payment amount to change. We provide details of the annual analysis in the Escrow Account Statement. The statement details the most recent escrow review. You may receive more than one analysis in the year. There are a number of reasons for an interim escrow analysis. The most common reasons are:

- The loan was acquired from another servicer.
- A material change to insurance or tax amounts due.
- Changes which occur after closing.
- Change in Tax or Insurance due dates.

### How is the required escrow beginning account balance determined?

The required beginning escrow balance is made up of a cushion plus any prorated taxes and/or insurance needed to fulfill the anticipated disbursements for the next 12 months.

### Why did the monthly escrow payment change?

The monthly escrow payment is comprised of 1/12th of all anticipated annual disbursements. If there is an increase or decrease in the annual tax and/or insurance amounts the monthly escrow collection will change. Please refer to the escrow analysis for a more detailed explanation of the disbursement amounts.

### What's an escrow cushion?

An escrow cushion is the amount of money set aside in the escrow account to cover any unanticipated costs such as an increase in property taxes or insurance premiums and prevents the escrow balance from being overdrawn. An escrow cushion is held unless the mortgage documents or state law directs otherwise.

### If the escrow account has a surplus when will I receive the overage check?

If the escrow analysis resulted in an escrow surplus greater than $50.00 and the account is not more than 30 days past due (per RESPA, current is defined as the servicer receiving the borrower's payments within 30 days of the payment due date), has not been referred to foreclosure, and the account is not in bankruptcy at the time the escrow analysis is performed, an escrow refund check will either be included with the escrow analysis statement or sent under separate cover within 30 business days. Any surplus under $50.00 will be adjusted from the monthly escrow payment.

### How do I remove the escrow account?

Please contact customer service to request a review of the loan for escrow waiver eligibility. Please be advised that investor requirements may not allow the escrow account termination.

### How did you calculate the new escrow payment?

We list all possible disbursements or expenses such as property taxes or insurance premiums to be paid on your behalf for the next 12 months. We take the total and divide the amount by 12 payments. Total anticipated disbursements divided by 12 payments equals the Monthly Escrow Payment. Due to changes in property taxes or insurance premiums, it is possible the escrow account could end up with a balance which is less than the target cushion amount. This is referred to as a "Shortage". Any shortage

of funds in the escrow account will be determined at the time of the escrow analysis. Additionally, it is possible the escrow account could end up with a balance which is greater than the required cushion amount. This is referred to as a "Surplus".

### If I want to send in funds to the escrow account, where do I send the payment?

You may direct a deposit of any amount solely to the escrow account using our pay by phone service, or Website. There may be fees associated with these payment services. You may also send in additional funds to escrow by mail. If by mail, then be sure to write the loan number on your check, specify "ESCROW application" on the memo line and mail to:
P.O. Box 371867
Pittsburgh, PA 15250-7867
Overnight mail: Attn: 37186
500 Ross Street 154-0470
Pittsburgh, PA 15250.

Once the escrow funds are received, the monthly escrow payment will be adjusted within 10 business days of posting.

Please be advised, if the escrow analysis discloses a shortage greater than one month's escrow payment, PHH cannot and does not require repayment of this amount and, instead, PHH has spread any shortage across the monthly escrow payments.

### What should I do if the loan is escrowed and I received a delinquent tax bill, tax exemption, or tax reduction notice?

Write the loan number on the correspondence and send it to us as follows:
PHH Mortgage Servicing
Attn: Tax Department
P.O. Box 24665
West Palm Beach FL 33416-4665
Fax 562-682-8880
Email: KanaTax@mortgagefamily.com

### What should I do if I received a check from my insurance carrier for property damage or have questions regarding an existing claim?

Please contact Assurant toll free 888-882-1815 Monday through Friday 8:00am - 9:00pm ET and Saturday 8:00am - 5:00pm ET.

### What should I do if I change insurance carriers?

Insurance policy information can be faxed to 937-525-4210 or uploaded to MyCoverage Website at mycoverageinfo.com/mortgagefamily or send via email to MortgageFamily@MyCoverageinfo.com. If you have any questions regarding your insurance policy information, please contact our insurance customer care directly for further assistance at 888-882-1855, Monday through Friday, 8:00am - 9:00pm ET and Saturday 8:00am - 5:00pm ET.

### What do I do if the account was escrowed as a result of a delinquent tax payment notice and I have proof of payment?

Write your loan number on the correspondence and send it to us as follows:
PHH Mortgage Servicing
Attn: Tax Department
P.O. Box 24665
West Palm Beach FL 33416-4665
Fax 561-682-8880
Email: **Proofoftaxpayments@mortgagefamily.com**

To obtain additional information about the account, visit www.MortgageQuestions.com

Page 4 of 4

# EXHIBIT D

## PHH Response Letter to Notification of Double Billing and Demand for Escrow Fix by Homeowner

Dated: May 1, 2025

From: PHH Mortgage Services / NewRez LLC

To: Ethel Bubu



**newrez**
C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel 888-820-6474
Fax 856-917-8300

May 1, 2025

Account Number: 7092982862
Property Address:
2007 CROSBYTON LN
GRAND PRAIRIE TX 75052-8868

ETHEL BUBU
Email: ethelbubu@gmail.com

RESPONSE LETTER
FOR YOUR RECENT REQUEST

Dear Customer(s),

Thank you for your recent communication regarding the account referenced above, in which you stated that you switched the insurance in November 2024 from State Farm to Allstate and we collected more payments and requested that we refund the extra payment collected.

The account is escrowed for taxes and insurance.

On August 28, 2024, we paid $8,203.00 towards the State Farm Fire & Casualty insurance.

We have been advised by State Farm Fire & Casualty that your homeowner's insurance was canceled at the insured's request, effective November 22, 2024.

We have updated the account to show that the hazard insurance policy is active with Allstate Insurance Company, effective November 23, 2024, to November 23, 2025. The premium is $5,037.57.

On December 4, 2024, we paid $5,039.11 towards Allstate Insurance Company.

We contacted the insurance vendor and determined that the refund for the hazard insurance policy will be sent back to the accountholder, and no refund has to be received by PHH.

Once you receive the insurance refund, please send it back towards the escrow account. Once we receive the insurance refund, we will adjust the escrow payment accordingly.

The escrow analysis form has details on how to send the payment towards the escrow account.

On March 14, 2025, we performed the last escrow analysis. According to the last analysis, there is a shortage of $5,619.33. The shortage has been spread over 36 months and added to the escrow payment.

Your new monthly mortgage payment from May 1, 2025, will be $1,412.73. Below is the payment breakdown.

| | |
|---|---|
| Principal and Interest | $462.76 |
| Escrow | $793.88 |
| Escrow Shortage | $156.09 |

For copies of collateral or mortgage account documents used to make the above determination, please write to the Research Department at PHH Mortgage Services, P.O. Box 24695, West Palm Beach, FL 33416.

*NMLS:2726    Log in to MortgageQuestions.com --- your servicing website connection.*



**newrez**

C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel 888-820-6474
Fax 856-917-8300

We trust that the information provided has fully addressed the concern.

We are here to help! CAROL – ID XVR is your designated contact for questions about mortgage assistance. You can schedule an appointment with CAROL – ID XVR by visiting the below website. If you need immediate assistance or have other questions, call us at 888-820-6474 and another dedicated member of our team will be ready to help. We're available Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET.

Sincerely,

Loan Servicing

NE013 98R



**newrez**

C/O PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel 888-820-6474
Fax 856-917-8300

Texas Property Owners: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE
SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601
NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS
AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the
department's website located at www.sml.texas.gov or obtained from the
department upon request by: mail to the aforementioned address, telephone
through their toll-free consumer hotline listed, or email at
smlinfo@sml.texas.gov.

*NMLS:2726    Log in to MortgageQuestions.com --- your servicing website connection.*

# EXHIBIT E

## RESPA Notice of Error and Qualified Written Request

Dated: July 3, 2025

Submitted by: Aderonke Oyekunle as Power of Attorney for Ethel Bubu

To: PHH Mortgage Services

PHH acknowledged receipt. PHH never substantively responded.

Violation of 12 CFR § 1024.35 and 12 U.S.C. § 2605(e).

**Subject:** Notice of RESPA Error, Fraud Disclosure, and Demand for Immediate Account Hold

**To:** PHH Mortgage Services
**From:** Ronke Oyekunle, Power of Attorney for Ethel Bubu
**Regarding:** 2007 Crosbyton Lane, Grand Prairie, TX 75052
**Loan Number:** 7092982862
**Date:** July 3, 2025

Dear PHH Mortgage Services,

This letter constitutes formal notice of servicing errors, RESPA violation, and willful negligence in connection with the mortgage loan held by Ethel Bubu concerning the property located at 2007 Crosbyton Lane, Grand Prairie, TX 75052.

I am the authorized Power of Attorney for Ethel Bubu. This status is on file with PHH and is legally supported by documentation previously submitted. As of this writing, Ethel Bubu remains under restricted medical incapacity and is unable to manage her affairs. I am acting fully within lawful authority to resolve all matters related to her mortgage account.

I notified PHH Mortgage that insurance funds disbursed for property restoration were stolen by ServPro with the aid and collusion of State Farm. Mike Brewer of State Farm was fully informed of this theft, and Amber Bishop was also aware in part. These funds—designated for repairs—were wrongly diverted and never applied to their intended use. PHH acknowledged receiving this information and stated they would "notate the account" but claimed no further action could be taken, referring to the matter as "civil."

Despite this admission, PHH has continued to issue collection notices, place repeated phone calls, and demand payment from a medically incapacitated borrower through her authorized representative. These actions, taken after acknowledgment of fraud, constitute harassment and bad faith servicing.

Additionally, PHH Mortgage states it paid a single $8,203.00 premium to State Farm on August 28, 2024, through Amber Bishop's office. However, I first noticed a large insurance disbursement to State Farm in October or November 2024—an amount exceeding $11,000—which triggered my decision to switch immediately to Allstate to prevent a further mortgage spike. At that time, no August disbursement was visible in the PHH records. I believe the August 28, 2024 entry may have been inserted or modified by PHH only after I began demanding explanations in early

2025. This raises serious concerns about record manipulation and concealment of double billing.

The disbursement I originally saw has now vanished from my account history. Meanwhile, State Farm refunded approximately $6,718 following my cancellation in November. That refund amount does not logically align with a single $8,203 premium and two months of use, and instead confirms more funds were received by State Farm than PHH is currently disclosing. I received the refund with no explanation from either PHH or State Farm and used it in good faith to make a mortgage payment, unaware that it was expected to be returned to escrow.

Contrary to PHH's claim that the Allstate policy began on November 23, 2024, I have documentation confirming that the policy was secured and effective as of November 22, 2024. The welcome email from Edward Kalu, a licensed sales representative at Allstate, was sent to us on that date with proof of insurance attached. On that same day, I personally called Mike Brewer's office to cancel the State Farm policy and informed Mike Brewer directly of the check fraud committed by the adjuster Tony Smith. Mike Brewer responded, "Tony Smith would never allow the check with Ethel Bubu and PHH Mortgage to be cashed. That is insurance fraud—let me call him myself. He is a good guy." Yet that is exactly what happened: Tony Smith approved the removal of a hold on the check issued only to Ethel Bubu and PHH Mortgage. This correction is significant, especially given that I was dealing with the aftermath of a robbery by ServPro on November 14, 2024, and suffered immediate health harm after re-entering the house with PPE.

It is also now evident that State Farm may have fraudulently initiated two separate claims for the same fire incident. When reviewing the Allstate application documents, I noticed that the date of loss was incorrectly listed as April 1, 2023, in addition to the correct date of April 18, 2023. I have already notified Allstate of the error. This duplicate entry raises further concern regarding State Farm's internal conduct and PHH's failure to catch or respond to fraudulent billing activity.

In March and April 2025, I repeatedly contacted PHH Mortgage, including a representative named Carolyn and her mortgage specialist team, to question why the mortgage payment had jumped to over $1,800. I was told the payment had been reviewed, yet no clear explanation was given, and no action was taken to reduce the amount. During this period, PHH also denied any mortgage assistance, claiming the investor, BNY Mellon, was no longer offering loss mitigation due to prior forbearance or hardship options allegedly granted in the past. However, PHH failed to disclose that an $8,203.00 insurance disbursement had already been made

—information I only discovered in April 2025 after independently reviewing my records.

This failure to act swiftly on known fraud, to provide basic escrow communication, to account for premium overlaps and refund misdirection, and the prior refusal to apply payments in a timely manner, constitutes a servicing violation under the Real Estate Settlement Procedures Act (RESPA), specifically 12 CFR § 1024.35 (Notice of Error). Any continued pursuit of foreclosure or collections without proper reconciliation will be met with formal regulatory complaints and litigation.

Demands:

**Immediate 21-Day Hold**: Place a full hold on all collection, acceleration, foreclosure, or negative credit reporting actions while this servicing dispute and insurance fraud matter is under investigation.

**Written Explanation**: Provide a detailed written explanation for: (a) PHH's failure to identify and act on duplicate billing and disbursements; (b) the non-communication of refund expectations; (c) the sudden appearance of the August disbursement; and (d) the disappearance of the October/November disbursement. PHH's prior correspondence dated May 1 and May 8, 2025, fails to adequately address these issues and reflects an incomplete and potentially misleading review

**Escrow Audit and Recalculation**: Conduct a comprehensive escrow audit to determine the true payment obligations based on the actual premiums owed and refunds received. Recalculate the escrow shortage accordingly and provide a corrected escrow analysis and mortgage payment schedule.

**Refund or Escrow Credit**: Issue an immediate refund or apply an escrow credit for any amounts overpaid or duplicated due to double insurance billing or uncredited refunds.

**Loss Mitigation Review**: Reassess the account for available hardship or loss mitigation options and provide the investor's written policy that allegedly blocks further relief. Your refusal to provide assistance based on verbal claims alone is unacceptable.

**Production of Insurance Disbursement History**: Provide a full and unredacted history of all insurance-related disbursements made by PHH in 2024, including but not limited to dates, payees, amounts, and internal notes regarding those transactions.

**Preservation of Records**: PHH is directed to preserve all escrow records, communications, servicing notes, and correspondence with State Farm, ServPro, or affiliated adjusters related to this loan for legal review.

**Verbal Communication Record Disclosure**: Produce all internal servicing notes, call logs, or summaries of verbal communications with State Farm, ServPro, or affiliated parties including Mike Brewer, Amber Bishop, and Tony Smith. These communications must include all interactions that informed insurance disbursement decisions, refund handling, escrow accounting, or investor instructions related to this mortgage account.

Unless PHH remedies these matters within 10 business days, I will proceed with complaints to the CFPB, OCC, HUD, and the Texas Department of Insurance. Legal action for breach of fiduciary duty and aiding insurance fraud is also under review.

Sincerely,

Ronke Oyekunle
Power of Attorney for Ethel Bubu

ronke.lola@gmail.com
(502) 994-3571

# EXHIBIT F

## Texas Adult Protective Services Report ID

## DECLARATION OF ADERONKE OYEKUNLE REGARDING
## TEXAS ADULT PROTECTIVE SERVICES REPORT

I, Aderonke Oyekunle, declare under penalty of perjury pursuant to Texas Civil Practice and Remedies Code § 132.001 that the following is true and correct based on my personal knowledge:

### 1. Identity of Reporting Party

My name is Aderonke Oyekunle. I am the Power of Attorney and authorized representative for Plaintiff Ethel Bubu. I reside at 2007 Crosbyton Lane, Grand Prairie, Texas 75052. I can be reached at (502) 994-3571 and ronke.lola@gmail.com.

### 2. Identity of Victim

The victim of the elder abuse and financial exploitation reported herein is Plaintiff Ethel Bubu, an elderly woman residing at 2007 Crosbyton Lane, Grand Prairie, Texas 75052. Dr. Bubu is medically incapacitated, has zero income, and has been on long-term disability. She is unable to manage her own affairs and I act as her authorized representative in all matters.

### 3. The APS Report — Details

| | |
|---|---|
| APS Report ID: | 81280845 |
| APS Worker: | Kandice, Employee ID 5649 |
| Date of Report: | April 28, 2026 |
| Time of Report: | 12:39 AM |
| Hotline Number Called: | 1-800-252-5400 |
| Disposition: | Accepted — Assigned to |
| Active Investigator | |

### 4. Significance to This Litigation

This APS report was filed eight days (a prior one was raised) before Defendants' scheduled foreclosure auction of the victim's sole homestead. Defendants are proceeding with that auction

notwithstanding: (a) an active, assigned APS investigation into the financial exploitation of the victim; (b) an unanswered RESPA Qualified Written Request and Notice of Error filed July 3, 2025; (c) an active, unresolved loss mitigation application; and (d) the multiple independent legal grounds set forth in Plaintiffs' Emergency Original Petition establishing that the sale is void or voidable. The existence of this active APS investigation is further evidence that Defendants' conduct rises to the level of elder financial exploitation under Texas law, supporting Plaintiffs' claims under Texas Human Resources Code § 48 and Texas Civil Practice and Remedies Code § 96.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 day of April, 2026, in Dallas County, Texas.

**Aderonke Oyekunle**

Individually and as Power of Attorney for Ethel Bubu

2007 Crosbyton Lane, Grand Prairie, Texas 75052

(502) 994-3571 | ronke.lola@gmail.com

# EXHIBIT G

## Dallas County Tax Payment History 2014–2025

Property: 2007 Crosbyton Lane, Grand Prairie, Texas 75052

Owner: Ethel Bubu

Account No. 280285800N0130000

Taxes decreased every year from 2022 through 2025.

4/28/26, 10:36 AM                                              Dallas County Web Site



## Payment Information



JOHN R. AMES, CTA
DALLAS COUNTY TAX ASSESSOR/COLLECTOR
1201 ELM STREET, SUITE 2600
DALLAS, TX 75270

**Year 2005 to Present**

**Account No.:** 280285800N0130000

| Receipt Date | Payment Amount | Tax Year Paid | Payer |
|---|---|---|---|
| 2025-12-23 | $3,616.97 | 2025 | COTALITY - CORELOGIC TAX SERVICES |
| 2024-12-18 | $4,488.94 | 2024 | COTALITY - CORELOGIC TAX SERVICES |
| 2024-01-30 | ($253.34) | 2023 | BUBU ETHEL |
| 2023-12-20 | $4,649.61 | 2023 | COTALITY - CORELOGIC TAX SERVICES |
| 2022-12-27 | $5,553.00 | 2022 | COTALITY - CORELOGIC TAX SERVICES |
| 2021-12-22 | $6,335.25 | 2021 | COTALITY - CORELOGIC TAX SERVICES |
| 2020-12-23 | $6,250.28 | 2020 | COTALITY - CORELOGIC TAX SERVICES |
| 2019-12-13 | $5,752.93 | 2019 | COTALITY - CORELOGIC TAX SERVICES |
| 2018-12-03 | $5,337.28 | 2018 | COTALITY - CORELOGIC TAX SERVICES |
| 2017-12-14 | $4,878.74 | 2017 | COTALITY - CORELOGIC TAX SERVICES |
| 2016-12-16 | $4,421.54 | 2016 | COTALITY - CORELOGIC TAX SERVICES |
| 2015-12-22 | $3,980.50 | 2015 | COTALITY - CORELOGIC TAX SERVICES |
| 2014-12-22 | $3,961.70 | 2014 | COTALITY - CORELOGIC TAX SERVICES |
| 2014-04-07 | ($440.40) | 2013 | BUBU ETHEL |

4/28/26, 10:36 AM                                          Dallas County Web Site

| | | | |
|---|---|---|---|
| 2014-04-07 | ($437.42) | 2012 | BUBU ETHEL |
| 2014-04-07 | ($431.80) | 2011 | BUBU ETHEL |
| 2014-04-07 | ($443.60) | 2010 | BUBU ETHEL |
| 2014-04-07 | ($437.15) | 2009 | BUBU ETHEL |
| 2014-04-07 | ($429.27) | 2008 | BUBU ETHEL |
| 2013-12-30 | $4,220.61 | 2013 | COTALITY - CORELOGIC TAX SERVICES |
| 2012-10-31 | $4,098.39 | 2012 | BUBU ETHEL |
| 2011-12-31 | $4,070.28 | 2011 | COTALITY - CORELOGIC TAX SERVICES |
| 2010-12-24 | $4,341.48 | 2010 | COTALITY - CORELOGIC TAX SERVICES |
| 2009-12-11 | $4,179.45 | 2009 | LERETA LLC |
| 2008-12-24 | $4,140.07 | 2008 | BUBU ETHEL |
| 2007-12-28 | $4,013.60 | 2007 | LITTON LOAN SERVICING LP |
| 2006-12-13 | ($409.02) | 2006 | BUBU ETHEL |
| 2006-12-13 | $4,238.51 | 2006 | LITTON LOAN SERVICING LP |
| 2006-01-31 | $572.82 | 2005 | BUBU ETHEL |

Begin a New Search
Tax Office Home Page

Return to the Previous Page

Terms of Use    Privacy Policy

Disclaimer:  The Dallas County Tax Office provides this World Wide Web (WWW) site information and services "as is" without warranty of any kind, either expressed or implied. The Dallas County Tax Office does not warrant the accuracy, authority, completeness, usefulness, timeliness, or fitness It officials and employees shall not be liable for any loss or injury caused in whole or part by its negligence, contingencies beyond its control, loss of data, or errors or omissions in the WWW site information or services.

DALLAS COUNTY TAX OFFICE
500 Elm Street, Suite 3300
Dallas, Texas 75202
214-653-7811

# EXHIBIT H

## Dallas County 2025 Tax Statement

Property: 2007 Crosbyton Lane, Grand Prairie, Texas 75052

Owner: Ethel Bubu

Account No. 280285800N0130000

Legal Description: CIMMARON ESTATES PH 3C BLK N LT 13

VOL2005161/15046 DD08022005 CO-DC

Confirms active homestead and over 65 exemptions.



# DALLAS COUNTY TAX OFFICE
## JOHN R. AMES, CTA
TAX ASSESSOR/COLLECTOR

500 Elm Street, Suite 3300
Dallas, Texas 75202
www.dallascounty.org/tax | 214-653-7811
email: propertytax@dallascounty.org

## 2025 TAX STATEMENT



BUBU ETHEL
2007 CROSBYTON LN
GRAND PRAIRIE, TX 75052-0000

**Account: 280285800N0130000**

Property Description:

2007 CROSBYTON LN, CP

CIMMARON ESTATES PH 3C
BLK N LT 13
VOL2005161/15046 DD08022005 CO-DC
0285800N01300      4CP0285800N

Statement Date:   April 28, 2026

| Land Value: | 65,000 |
|---|---|
| Improvement Value: | 315,680 |
| Market Value: | 380,680 |

| Jurisdiction | Homestead Exemption | Over 65 Exemption | Taxable Value | Tax Rate | Tax Due |
|---|---|---|---|---|---|
| DALLAS COUNTY | 76,136 | 100,000 | 204,544 | .215500 | $283.84 Ceiling |
| PARKLAND HOSP | 76,136 | 100,000 | 204,544 | .212000 | $433.63 |
| DALLAS COLL | 76,136 | 100,000 | 204,544 | .106575 | $217.99 |
| GRND PRIE ISD | 140,000 | 65,000 | 175,680 | 1.062687 | $992.92 Ceiling |
| GRND PRE CITY | 66,619 | 45,000 | 269,061 | .660000 | $1,365.01 Ceiling |
| LN ST MDW PID | 0 | 0 | 380,680 | .085000 | $323.58 |

Previous payment on account:   $3,616.97

Pay taxes online at:
www.dallascounty.org/tax



| Total Due If Paid By April 30, 2026 |
|---|
| $0.00 |

*Your check may be converted to electronic funds transfer*

# Return This Portion With Your Payment

Account: 280285800N0130000

2    0208000208050800002500010300000000012500000000009

| IF PAID IN | P&I | TOTAL DUE |
|---|---|---|
| MAY | | $0.00 |
| JUN | | $0.00 |

| Total Due If Paid By April 30, 2026 |
|---|
| $0.00 |
| Amount Paid: $ |

**Remit To:**
**John R. Ames, CTA**
**P O Box 139066**
**Dallas, Texas 75313-9066**

BUBU ETHEL
2007 CROSBYTON LN
GRAND PRAIRIE, TX 75052-0000

v15.1.100



## · IMPORTANT INFORMATION & TAXPAYER RESPONSIBILITIES
*The following information is provided to better assist our taxpayers.*

Taxes for the current year (2025) are due and payable in full on October 1, and are delinquent if not paid on or before January 31. State law requires that penalty and interest be charged on taxes paid after January 31. Penalty and interest to be added for delinquent payments are as follows, additional 12% interest per annum thereafter.

### Delinquent Penalty and Interest Schedule

| February | 7% | May | 13% | August | 19% | November | 22% |
|----------|-----|------|------|-----------|------|----------|------|
| March | 9% | June | 15% | September | 20% | December | 23% |
| April | 11% | July | 18% | October | 21% | January | 24% |

IF YOU ARE 65 YEARS OF AGE OR OLDER OR ARE DISABLED, AND YOU OCCUPY THE PROPERTY DESCRIBED IN THIS DOCUMENT AS YOUR RESIDENCE HOMESTEAD,  YOU SHOULD CONTACT THE APPRAISAL DISTRICT REGARDING ANY ENTITLEMENT YOU MAY HAVE TO A POSTPONEMENT IN THE PAYMENT OF THESE TAXES.

Taxpayers with an over 65 or disabled exemption qualify for an installment payment plan on their residence homestead. Please contact the Customer Care Center prior to January 31 for details at 214-653-7811.

### Dallas County Tax Office
Customer Care Center
**214-653-7811**

Questions regarding:
- Tax amounts
- Due dates
- Tax Rates
- Statements



**Make checks payable John R. Ames, CTA, and remit to: Tax Assessor/Collector**
**P O Box 139066**
**Dallas, TX 75313-9066**

Pay taxes, print statements and payment information at:
### www.dallascounty.org/tax



*echeck* **Pay by echeck at no additional cost**



Card Processor convenience fees are applicable on Credit/Debit transactions.
**Pay by Phone 877-253-0150**

- The Tax Assessor/Collector **does not** have legal authority to **forgive or waive** any **penalty or interest charges**.
- Delinquent **Real Property** taxes not paid prior to **July 1** are subject to an additional penalty, up to 20%, as provided under section 33.07 of the Texas Property Tax Code.
- Delinquent **Business Personal Property** taxes not paid prior to **April 1** are subject to an additional penalty, up to 20%, as provided under section 33.11 of the Texas Property Tax Code.
- Payments by mail are credited according to the **U.S. Postmark (not meters)**. Those bearing postmarks past deadlines will incur full penalty and interest charges.
- Online and Phone payments must be finalized before 12 am CST prior to deadlines to avoid penalty and interest.
- Payments made by mail on (or shortly before) January 31 could delay the processing of your payment.
- If you receive a tax statement that should be paid by your mortgage company, contact your Mortgage Company immediately.
- Failure to receive a tax statement does not relieve the property owner of the tax, penalty or interest liability. If you did not receive a statement for each piece of property you own - **NOW** is the time to inquire about your other statements.
- Property taxes in Texas are assessed at 100% of market value by the appraisal district as of January 1 of each year and cover a period of one year from that date (January - December).
- A $30 fee is added to returned items.
- Partial payments are accepted.

### Appraisal Districts
Questions regarding:
- Address Corrections
- Ownership (if you don't own)
- Exemptions (free of charge)
- Property Descriptions
- Incorrect City or School District
- Value

Appraisal Districts are separate local agencies and are not part of County Government or the Dallas County Tax Office.

| Name: | Online: | Phone: |
|-------|---------|--------|
| Dallas Central Appraisal District | www.dallascad.org | 214-631-0910 |
| Collin Central Appraisal District | www.collincad.org | 469-742-9200 or 866-467-1110 |
| Denton Central Appraisal District | www.dentoncad.com | 940-349-3800 |
| Ellis Appraisal District | www.elliscad.org | 972-937-3552 or 866-348-3552 |
| Kaufman Central Appraisal District | www.kaufman-cad.org | 972-932-6081 |
| Rockwall Central Appraisal District | www.rockwallcad.com | 972-771-2034 |
| Tarrant Appraisal District | www.tad.org | 817-284-0024 |

# EXHIBIT I

## 2007 Crosbyton Lane No Loss Mitigation April 29, 2026

This exhibit demonstrates that no loss mitigation was completed by State Farm and ServPro 3 years later and State Farm is aware of this and paid out to their preferred vendors. PHH Mortgage also is aware that there is unmitigated damages. This picture is current of the kitchen where the fire originated and you can see the damages still there to date.

Property: 2007 Crosbyton Lane, Grand Prairie, Texas 75052

Owner: Ethel Bubu

Account No. 280285800N0130000

Legal Description: CIMMARON ESTATES PH 3C BLK N LT 13

VOL2005161/15046 DD08022005 CO-DC

Confirms active homestead and over 65 exemptions.







US POSTAGE PITNEY BOWES
FIRST-CLASS
ZIP 75202 $ 021.26
02 7N
0008044452 MAY 01 2026

NORTH TEXAS P&DC
DALLAS TX 750
FRI 01 MAY 2026
AFSN 2/1 00:33:40

CERTIFIED MAIL

FELICIA PITRE
DISTRICK CLERK
600 COMMERCE ST
DALLAS, TX 75202-4606

9214 8901 0661 5400 0219 1212 02

RETURN RECEIPT (ELECTRONIC)

DC-26-07473/AT

PHH MORTAGE SERVICES
BY SERVING CORPORATION SERVICE COMPANY
DBD CSC-LAWYERS INCO
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

SHOW TO WHOM
DELIVERED, Date &
Addressee's
Address

Deliver to
Addressee
ONLY

EXHIBIT D-2

Cause no. <u>DC2607473</u>

IN THE 44TH DISTRICT COURT DALLAS COUNTY, TEXAS

<u>TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR
TEMPORARY INJUNCTION</u>

1. After considering Plaintiffs Aderonke Oyekunle and Ethel Bubu's application for temporary restraining order, the pleadings, and the verified petition, the Court finds there is evidence that harm is imminent to the plaintiffs and if the Court does not issue the temporary restraining order, Plaintiffs will be irreparably injured because the foreclosure sale of the family homestead at 2007 Crosbyton Lane, Grand Prairie, TX 75052 is scheduled for May 5, 2026, and once conducted it cannot be undone.

2. An ex parte order, without notice to defendant, is necessary because there was not enough time to give notice to defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, and damage would occur. Specifically, because the foreclosure sale is scheduled for May 5, 2026 and the injury would be irreparable because it is the Plaintiffs only home.

3. Therefore, by this order, the Court does the following:
    a. Restrains defendants PHH Mortgage Services also known as Onity Mortgage Corporation, and NewRez LLC, their agents, trustees, substitute trustees, successors and assigns, from conducting or proceeding with the foreclosure sale of the property located at 2007 Crosbyton Lane, Grand Prairie, TX 75052, scheduled for May 5, 2026, or any other date, pending further order of this Court.

    b. Orders the clerk issue to notice to defendants PHH Mortgage Services also known as Onity Mortgage Corporation, and NewRez LLC, their agents, trustees, substitute trustees, successors and assigns that the hearing on Plaintiffs application for temporary injunction is set for _____, 2026, at _____ a.m./p.m. The purpose of the hearing will be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

    c. Sets bond at $ _____

This order expires on _____, 2026.


SIGNED on _____, 2026, at _____ a.m./p.m.


_____
PRESIDING JUDGE

I Cit/ Cert. Mail



FILED
2026 APR 29 PM 1:22

FELICIA PITRE
**DALLAS COUNTY DISTRICT CLERK**

*Robin Holland*

NINA MOUNTIQUE
CHIEF DEPUTY

REQUEST FOR SERVICE

CAUSE NUMBER: _DC2607473_    COURT NUMBER: _B44th_    DATE: _04/29/26_

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Serve)

Issue Service to: _New REZ LLC_

Address of Service: _211 E. 7th Street Suite 620_

City, State & Zip: _Austin, Tx 78701_

Agent (if applicable) _Corporation Service Company DBA CSC —_

_Lawyers INCO_

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

__✓__ Citation    _____ Notice    _____ Temporary Restraining Order    _____ Protective Order

_____ Secretary of State Citation _____ Capias    _____ Writ

_____ Other (Please Describe) _____ SERVICE BY (check one):

_____ ATTORNEY PICK-UP    _____ MAIL to attorney    _____ CONSTABLE    __✓__ CERTIFIED MAIL

_____ CIVIL PROCESS SERVER    - Authorized Person to Pick-up: _____

__✓__ E-serve by District Clerk (No Service Copy Fees Charged)

_____ OTHER _____

REQUESTED BY: _Aderonke, Oyekunle_    PHONE NUMBER: _(502)994-3571_

MAILING ADDRESS: _2007 Crosbyton Lane Grand Prairie, TX 75052_ EMAIL ADDRESS: _ronke.lola@gmail.com_

600 COMMERCE STREET    DALLAS, TEXAS 75202    (214) - 653 - 7301
FAX (214) - 653 - 6634    e-mail: Felicia.Pitre@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

↳ Cit/Cert. Mail



**FELICIA PITRE**
**DALLAS COUNTY DISTRICT CLERK**

FILED
2026 APR 29 PM 1:22
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
Robin Holland

NINA MOUNTIQUE
CHIEF DEPUTY

REQUEST FOR SERVICE

CAUSE NUMBER: DC2607473    COURT NUMBER: B44th    DATE: 04/29/26

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Serve)

Issue Service to: PHH Mortgage aka Onity Mortgage Corporation

Address of Service: 211 E. 7th Street Suite 620

City, State & Zip: Austin, TX 78701

Agent (if applicable) Corporation Service Company DBA CSC- Lawyers Inco

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

_✓_ Citation    _____ Notice    _____ Temporary Restraining Order    _____ Protective Order

_____ Secretary of State Citation _____Capias    _____ Writ

_____ Other (Please Describe) _____    SERVICE BY (check one):

_____ ATTORNEY PICK-UP    _____ MAIL to attorney    _✓_ CONSTABLE    _✓_ CERTIFIED MAIL

_____ CIVIL PROCESS SERVER    - Authorized Person to Pick-up: _____

_✓_ E-serve by District Clerk (No Service Copy Fees Charged)

_____ OTHER _____

REQUESTED BY: Aderonke Ojelunle    PHONE NUMBER: (502) 994-3571

MAILING ADDRESS: 2007 Crosbyton Ln Grand Prairie, TX 75052    EMAIL ADDRESS: ronke.lola@gmail.com

600 COMMERCE STREET    DALLAS, TEXAS 75202    (214) - 653 - 7301
FAX (214) - 653 - 6634    e-mail: Felicia.Pitre@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**  **NEW REZ LLC**
**BY SERVING CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ETHEL BUBU; ADERONKE OYEKUNLE**

Filed in said Court  **29th day of April, 2026** against

**PHH MORTGAGE SERVICES; NEW REZ LLC**

For Suit, said suit being numbered **DC-26-07473,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 30th day of April, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



CERTIFIED MIAL
# CITATION

No.: <u>DC-26-07473</u>

<u>ETHEL BUBU, et al</u>
vs.
<u>PHH MORTGAGE SERVICES, et al</u>

ISSUED
**on this the 30th day of April, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff PRO SE**
**ETHEL BUBU**
**ADERONKE OYEKUNLE**
2007 CROSBYTON LANE
GRAND PRAIRIE TX  75052
502-994-3571
ronke.lola@gmail.com

Affidavit Of Inability To Pay

**OFFICER'S RETURN**

Cause No. DC-26-07473

Court No.: 44th District Court

Style: ETHEL BUBU, et al
 vs.
PHH MORTGAGE SERVICES, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**   **PHH MORTGAGE SERVICES**
**BY SERVING CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ETHEL BUBU; ADERONKE OYEKUNLE**

Filed in said Court  **29th day of April, 2026** against

**PHH MORTGAGE SERVICES; NEW REZ LLC**

For Suit, said suit being numbered **DC-26-07473,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 30th day of April, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
  **ALICE TORRES**



**CERTIFIED MIAL**
# CITATION

**No.: DC-26-07473**

**ETHEL BUBU, et al**
**vs.**
**PHH MORTGAGE SERVICES, et al**

**ISSUED**
**on this the 30th day of April, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff PRO SE**
**ETHEL BUBU**
**ADERONKE OYEKUNLE**
2007 CROSBYTON LANE
GRAND PRAIRIE TX  75052
502-994-3571
ronke.lola@gmail.com

Affidavit Of Inability To Pay

**OFFICER'S RETURN**

Cause No. DC-26-07473

Court No.: 44th District Court

Style: ETHEL BUBU, et al
vs.
PHH MORTGAGE SERVICES, et al

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock _____ .M.
Executed at _____ , within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____ , 20_____ , by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

For serving Citation   $_____     _____

For mileage     $_____     of_____ County, _____

For Notary     $_____     By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____ ,
20_____ , to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____



FELICIA PITRE DISTRICT CLERK
DISTRICT CLERK
600 COMMERCE ST STE 145
DALLAS, TX 75202-4611

**9214 8901 0661 5400 0219 1486 67**

**RETURN RECEIPT (ELECTRONIC)**

**DC-26-07473/ TRO/ GL**

BY SERVING CORPORATION SERVICE COMPANY DBA
CSC-LAWYERS INCO
PHH MORTGAGE SERVICES A/K/A ONITY MORTGAGE,
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

CUT / FOLD HERE                                                                Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2022.6.16.1

**TEMPORESTRAINING ORDER – Form 322**

# THE STATE OF TEXAS

TO    **PHH MORTGAGE SERVICES A/K/A ONITY MORTGAGE, BY SERVING CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO,, 211 E. 7TH STREET, SUITE 620, AUSTIN TX 78701**

WHEREAS, in a certain suit pending in the District Court of the **44th District Court** of Texas, wherein **ADERONKE OYEKUNLE AND ETHEL BUBU** Plaintiff (s) and **PHH MORTGAGE SERVICES A/K/A ONITY MORTGAGE** Defendant (s), and the said **ADERONKE OYEKUNLE AND ETHEL BUBU** Prayed for and obtained from the Hon. **MONICA PURDY PRESIDING** Judge sitting for the **44th District Court**, his most gracious TEMPORARY RESTRAINING ORDER and the said **ADERONKE OYEKUNLE AND ETHEL BUBU** having given bond, as required by the fiat of the judge of the **44th District Court**.
Now, therefore, you, the said **PHH MORTGAGE SERVICES A/K/A ONITY MORTGAGE** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO** until further order of the District Court to be holden within and for the County of Dallas
Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **10:00 A.M. ON THE 14TH DAY OF MAY 2026**, when and where this writ is returnable.

The ZOOM and TEAMS; court's designated contact information made available by visiting https://www.dallascounty.org/government/courts/. Evidence in this case must be submitted according to the Texas Rules of Evidence and local rules and standing orders published at https://txcourts.gov/rules-forms. Alternatively, the information will be available to the parties and counsel at the time the Hearing is set.

HEREIN FAIL NOT, under the penalty of the law.
WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.
Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 1ST DAY OF MAY, 2026**.

Attest:    FELICIA PITRE
Clerk, District Courts, Dallas County, Texas.

By_____, Deputy
        GAY LANE



## SHERIFF'S RETURN

Came to hand on the _____ day of_____ 20_____ at _____ o'clock_____ M., and executed the _____ day of _____ 20_____ at _____ o'clock_____ M., by delivering to _____ _____ _____ _____

the within named defendant_____ in person, a true copy of this writ.

Sheriff_____ County, Texas.

By_____ Deputy

FEES:

Serving Copy        $_____
Mileage             $_____
        Total  $_____

---

**CERTIFIED MAIL**

No. **DC-26-07473**

## IN

**44th District Court**

**ETHEL BUBU, ET AL**
**VS.**
**PHH MORTGAGE SERVICES, ET AL**

## Temporary Restraining Order

ISSUED
**ON THIS THE 1ST DAY OF MAY, 2026**

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By **GAY LANE**, Deputy

**ETHEL BUBU; ADERONKE OYEKUNLE**
**PRO SE**
**2007 CROSBYTON LANE**
**GRAND PRAIRIE TX  75052**
**502-994-3571**

Cause no. DC2607473

IN THE 44TH DISTRICT COURT DALLAS COUNTY, TEXAS

TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR
TEMPORARY INJUNCTION

1. After considering Plaintiffs Aderonke Oyekunle and Ethel Bubu's application for temporary restraining order, the pleadings, and the verified petition, the Court finds there is evidence that harm is imminent to the plaintiffs and if the Court does not issue the temporary restraining order, Plaintiffs will be irreparably injured because the foreclosure sale of the family homestead at 2007 Crosbyton Lane, Grand Prairie, TX 75052 is scheduled for May 5, 2026, and once conducted it cannot be undone.

2. An ex parte order, without notice to defendant, is necessary because there was not enough time to give notice to defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, and damage would occur. Specifically, because the foreclosure sale is scheduled for May 5, 2026 and the injury would be irreparable because it is the Plaintiffs only home.

3. Therefore, by this order, the Court does the following:
    a. Restrains defendants PHH Mortgage Services also known as Onity Mortgage Corporation, and NewRez LLC, their agents, trustees, substitute trustees, successors and assigns, from conducting or proceeding with the foreclosure sale of the property located at 2007 Crosbyton Lane, Grand Prairie, TX 75052, scheduled for May 5, 2026, or any other date, pending further order of this Court.

    b. Orders the clerk issue to notice to defendants PHH Mortgage Services also known as Onity Mortgage Corporation, and NewRez LLC, their agents, trustees, substitute trustees, successors and assigns that the hearing on Plaintiffs application for temporary injunction is set for _____ August 11 _____, 2026, at _____ 10:00 _____ a.m./p.m. The purpose of the hearing will be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.  May 14

    c. Sets bond at $ _____ 10. _____

This order expires on _____ May 13 _____ 2026.

SIGNED on _____ April 30 _____, 2026, at _____ 8:39 _____ a.m./p.m.

_____
PRESIDING JUDGE

Presiding Judge
Sitting for the 44th
District Court

Civil Case Cover Sheet
In The District Court
of Dallas County, Texas

May 04, 2026

NEW REZ LLC
BY SERVING CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INCO
211 E. 7TH STREET, SUITE 620
AUSTIN TX  78701

IN RE:  DC-26-07473
ETHEL BUBU, et al  vs.  PHH MORTGAGE SERVICES, et al

PLEASE SEE ATTACHMENT(S):

Attorneys update your information at:
https://www.dallascounty.org/government/district-clerk/attorney-form.php

ETHEL BUBU
No Known Address
ADERONKE OYEKUNLE
2007 CROSBYTON LANE
GRAND PRAIRIE, TX  75052
PHH MORTGAGE SERVICES
BY SERVING CORPORATION
SERVICE COMPANY
DBA CSC-LAWYERS INCO
211 E. 7TH STREET, SUITE 620
AUSTIN, TX  78701
NEW REZ LLC
BY SERVING CORPORATION
SERVICE COMPANY
DBA CSC-LAWYERS INCO
211 E. 7TH STREET, SUITE 620
AUSTIN, TX  78701

FILED
2026 MAY -3 PM 4:04

IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS
B-44TH JUDICIAL DISTRICT

CAUSE NO. DC-26-07473

ETHEL BUBU, an Individual; and
ADERONKE OYEKUNLE, Individually and
as Power of Attorney for Ethel Bubu,

    **Plaintiffs,**

**v.**

PHH MORTGAGE SERVICES, also known as
ONITY MORTGAGE CORPORATION;
NEWREZ LLC; and
CITY OF GRAND PRAIRIE, TEXAS,
through its Police Department,

    **Defendants.**

---

### PLAINTIFFS' EMERGENCY MOTION BEFORE ANY CIVIL DISTRICT JUDGE TO VOID FORECLOSURE SALE, FOR CONTEMPT OF COURT, AND TO AMEND PETITION TO ADD CITY OF GRAND PRAIRIE AS DEFENDANT

TO THE HONORABLE PRESIDING JUDGE:

COME NOW Plaintiffs Ethel Bubu and Aderonke Oyekunle, individually and as Power of Attorney, and file this Emergency Motion to Void the Foreclosure Sale, for Contempt of Court, and to Amend the Petition to Add the City of Grand Prairie as a Defendant, and respectfully show the Court as follows:

**I. EMERGENCY BASIS**

This Court entered a Temporary Restraining Order on April 30, 2026 at 3:39 PM expressly restraining Defendants PHH Mortgage Services, Onity Mortgage Corporation, NewRez LLC, their agents, trustees, substitute trustees, successors and assigns from conducting the foreclosure sale of 2007 Crosbyton Lane, Grand Prairie, Texas 75052, scheduled for May 5, 2026, or any other date, pending further order of this Court. Defendants proceeded with the foreclosure sale on May 5, 2026 in direct and willful violation of this Court's order. Persons claiming to be purchasers at the void sale subsequently entered the property. The City of Grand Prairie Police Department refused to charge the trespassers for breaking and entering, trespass, or any related offense, despite the existence of the TRO making the sale void and the entry unlawful. This Court's authority and the integrity of its orders require immediate emergency action.

## II. THE TRO WAS IN FULL FORCE AND EFFECT ON MAY 5, 2026

The Temporary Restraining Order entered by this Court on April 30, 2026 at 3:39 PM, Cause No. DC-26-07473, expressly ordered that Defendants, their agents, trustees, substitute trustees, successors and assigns were restrained from conducting or proceeding with the foreclosure sale of the property located at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, scheduled for May 5, 2026, or any other date, pending further order of this Court. The order did not expire until May 13, 2026. The order was in full force and effect on May 5, 2026 at 10:00 AM when the foreclosure sale was conducted. Defendants had actual or constructive knowledge of the TRO. PHH Mortgage Services contacted Plaintiff Oyekunle by phone at 1:08 PM on May 5, 2026, after the sale unknown to Plaintiff Oyekunle and thus demonstrating Defendants' active awareness of the pending litigation and their deliberate decision to proceed notwithstanding this Court's order.

## III. THE FORECLOSURE SALE IS VOID

A sale conducted in violation of a valid court order is void, not merely voidable. A foreclosure sale conducted in defiance of a Temporary Restraining Order has no legal effect. Title did not transfer. The deed of record remains in the name of Ethel Bubu. No purported purchaser at a void sale acquires any interest in the property, and any purported deed or transfer instrument issued in connection with the void sale is null and void ab initio. The property at 2007 Crosbyton Lane, Grand Prairie, Texas 75052, legally described as CIMMARON ESTATES PH 3C BLK N LT 13, VOL2005161/15046, Dallas County, Texas, Account No. 280285800N0130000, remains the homestead of Plaintiff Ethel Bubu.

## IV. ADDITIONAL GROUNDS INDEPENDENTLY VOIDING THE SALE

In addition to the TRO violation, the foreclosure sale is independently void on the following grounds:

A. Federal Substitute Forfeiture Lien: A federal substitute forfeiture lien encumbers the subject property. A foreclosure sale cannot convey title free and clear of a federal lien without proper notice to and participation by the federal lienholder. The purported sale did not extinguish the federal lien. Any purported purchaser took the property subject to the federal lien, which independently clouds and impairs any title purportedly transferred at the void sale.

B. Third Party Claim on Federal Lien: An active third party claim on the federal lien further encumbers title and independently blocks any transfer of clear title through a non-judicial foreclosure sale.

C. Broken Chain of Title: As alleged in Plaintiffs' petition, Defendants have failed to establish an unbroken chain of title and note assignments from the original lender through all subsequent transfers to PHH Mortgage Services. Defendants lack standing to foreclose as a matter of law. A void sale by a party without standing conveys nothing.

D. RESPA Dual Tracking Violation: As alleged in Plaintiffs' petition, 12 CFR § 1024.41(g) prohibits a servicer from conducting a foreclosure sale while an active, unresolved loss mitigation application is pending. The sale was conducted in violation of federal law.

## V. CONTEMPT OF COURT

Defendants PHH Mortgage Services, Onity Mortgage Corporation, and NewRez LLC are in contempt of this Court's Temporary Restraining Order entered April 30, 2026. Defendants had knowledge of the TRO, as evidenced by the active litigation, service of process, and PHH's own phone call to Plaintiff Oyekunle on May 5, 2026 at 1:08 PM. Defendants willfully proceeded with the foreclosure sale in defiance of this Court's order. This Court has inherent authority and statutory authority under Texas Civil Practice and Remedies Code § 21.001 et seq. to hold Defendants in contempt, impose sanctions, and take all necessary action to enforce its orders and restore the status quo.

## VI. AMENDMENT TO ADD CITY OF GRAND PRAIRIE AS DEFENDANT

Plaintiffs seek leave to amend their petition to add the City of Grand Prairie, Texas, through its Police Department, as a defendant. On May 5, 2026, persons claiming to be purchasers at the void sale entered and broke into the property at 2007 Crosbyton Lane, Grand Prairie, Texas 75052. Plaintiff Oyekunle contacted the Grand Prairie Police Department to report the trespass, breaking and entering, and related offenses. The Grand Prairie Police Department refused to charge the trespassers or take any protective action, despite the existence of the signed TRO making the underlying sale void and the entry unlawful, and despite the ongoing elder abuse and

financial exploitation of Plaintiff Ethel Bubu having been previously reported to the Grand Prairie Police Department. The Grand Prairie Police Department's prior refusal to investigate the theft of the dual-payee insurance check, the elder abuse committed by ServPro and State Farm agents, and its current refusal to act on the trespass at a property protected by a court order constitute a pattern of deliberate inaction that has enabled ongoing harm to Plaintiffs. The City of Grand Prairie is liable under Texas Civil Practice and Remedies Code § 101.001 et seq. (Texas Tort Claims Act) and 42 U.S.C. § 1983 for the deprivation of Plaintiffs' constitutional rights under color of law.

## VII. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

1. Set aside void sale immediately
2. Remove trespassers from property
3. Hold PHH in contempt of court
4. Freeze PHH assets pending damages
5. Reference Grand Prairie PD refusal to arrest/charge trespassers
6. Award damages for TRO violation
7. Permanent injunction stopping foreclosure

8. Grant all other relief to which Plaintiffs may be justly entitled.

Sincerely,

Aderonke Oyekunle

Pro Se Plaintiff and as Power of Attorney for Ethel Bubu

2007 Crosbyton Lane, Grand Prairie, Texas 75052

(502) 994-3571 | ronke.lola@gmail.com

## VERIFICATION

I, Aderonke Oyekunle, declare under penalty of perjury pursuant to Texas Civil Practice and Remedies Code § 132.001 that I am over the age of eighteen, of sound mind, and that the foregoing is true and correct to the best of my knowledge.

Executed on this __5__ day of May, 2026.

Aderonke Oyekunle

Pro Se Plaintiff
2007 Crosbyton Ln
Grand Prairie, TX 75052
(502) 994-3571
ronke.lola@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Emergency Motion has been served upon all Defendants by certified mail, return receipt requested, and/or by such other method as permitted by the Texas Rules of Civil Procedure, on this _____ day of May, 2026, addressed to:

**PHH Mortgage Services / Onity Mortgage Corporation / NewRez LLC**

Corporation Service Company, Registered Agent

211 E. 7th Street, Suite 620

Austin, Texas 78701

**City of Grand Prairie, Texas**

Through the City Attorney

300 W. Main Street

Grand Prairie, Texas 75050

Aderonke Oyekunle

CAUSE NO. DC-26-07473

| | | |
|---|---|---|
| ETHEL BUBU, *et al.* | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| PHH MORTGAGE SERVICES, also | § | |
| known as ONITY MORTGAGE, and | § | |
| NEWREZ LLC, | § | |
| *Defendants*. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendant Onity Mortgage Corporation, f/k/a PHH Mortgage Corporation and Defendant NewRez LLC (collectively, the "Defendants") file this Original Answer and respectfully state as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation in the Emergency Original Petition for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and for Damages (the "Original Petition") filed by Plaintiffs Ethel Bubu and Aderonke Oyekunle ("Plaintiffs"), as well as any and all amended or supplemental petitions, and demands strict proof thereof.

### II.    AFFIRMATIVE AND OTHER DEFENSES

In addition to a general denial, Defendants assert the following affirmative and other defenses without conceding which party bears the burden of proof on such defenses:

1.    Plaintiffs' claims are barred, in whole or part, because Plaintiffs fail to assert a claim for which relief may be granted.

2.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege,

prove, and meet all conditions precedent to recovery.

3.      Plaintiffs' claims and damages, if any, are subject to and/or barred by the terms of any relevant and applicable contracts or agreements.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, release, abandonment, acquiescence, estoppel (in all its forms), laches, and/or other equitable doctrines.

5.      Plaintiffs' claims are barred, in whole or part, by Plaintiffs' lack of standing or privity. Plaintiffs' claims are barred, in whole or in part, by the doctrine of proportionate responsibility and Chapter 33 of the Texas Civil Practice and Remedies Code.

6.      Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to tender the amount due and owing.

7.      Plaintiffs' claims are barred, in whole or in part, because of Defendants' compliance with applicable statutes and regulations. Plaintiffs' claims are barred, in whole or in part, by reason of Defendants' compliance with the relevant agreement(s).

8.      Plaintiffs failed to take reasonable steps to mitigate their damages, if any.

9.      Plaintiffs' damages are the result of acts or omissions committed by Plaintiffs.

10.     Plaintiffs' claims are barred, in whole or part, because Defendants lacked the requisite intent to violate the Texas Debt Collection Act. Any conduct alleged to have violated the Texas Debt Collection Act resulted from good-faith error despite the use of reasonable procedures to avoid errors.

11.     The actions of Defendants were taken in good faith, and Defendants did not knowingly, intentionally, or maliciously violate any laws.

12. Plaintiffs' claims are barred, in whole or part, because any temporary restraining order was void or otherwise unenforceable.

13. In addition to the defenses set forth above, Defendants reserve the right to plead such other affirmative defenses which cannot be anticipated at this time, but which may become apparent and applicable during the pendency of this lawsuit, but reason of future discovery.

### III.   RESERVATION OF RIGHTS

As authorized by the Texas Rules of Civil Procedure, Defendants reserve the right to amend this pleading before the trial of this cause on the merits.

### IV.   PRAYER

For these reasons, Defendants respectfully request the following relief upon final hearing of this matter:

a) That Plaintiffs take nothing on their claims against Defendants;

b) That Plaintiffs' claims against Defendants be dismissed with prejudice; and

c) That Defendants have all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

/s/ Maximiliano D. Elizondo

**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Matthew K. Hansen**
Texas Bar No. 24065368
matt.hansen @troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Maximiliano D. Elizondo**
State Bar No. 24142864
max.elizondo@troutman.com
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, a true and correct copy of the foregoing instrument was served on the following individual according to the Texas Rules of Civil Procedure:

**Via U.S. Mail & Email**
Aderonke Oyekunle
Ethel Bubu
2007 Crosbyton Ln.
Grand Prairie, Texas 75052
(502) 994-3571
ronke.lola@gmail.com
*Pro se Plaintiffs*

/s/ Maximiliano D. Elizondo
Counsel for Defendants

CAUSE NO. DC-26-07473

| | | |
|---|---|---|
| ETHEL BUBU, *et al.* | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| PHH MORTGAGE SERVICES, also | § | |
| known as ONITY MORTGAGE, and | § | |
| NEWREZ LLC, | § | |
| *Defendants*. | § | DALLAS COUNTY, TEXAS |

## NOTICE TO STATE COURT OF REMOVAL

Notice is hereby given that Defendant Onity Mortgage Corporation, f/k/a PHH Mortgage Corporation and Defendant NewRez LLC (collectively, "Defendants"),  filed a Notice of Removal in the Office of the Clerk of the United States District Court for the Northern District of Texas, Dallas Division. A copy of the Notice of Removal, excluding exhibits, is attached hereto as **Exhibit 1**. Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of the Notice with the Clerk of this Court, effects the removal of the above-styled action to the United States District Court for the Northern District of Texas, Dallas Division. Defendants respectfully request that, pursuant to federal law, this Court proceed no further in this action.

Respectfully Submitted,

/**s**/ Maximiliano D. Elizondo

**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Matthew K. Hansen**
Texas Bar No. 24065368
matt.hansen @troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Maximiliano D. Elizondo**
State Bar No. 24142864
max.elizondo@troutman.com
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, a true and correct copy of the foregoing instrument was served on the following individual according to the Texas Rules of Civil Procedure:

**Via U.S. Mail & Email**
Aderonke Oyekunle
Ethel Bubu
2007 Crosbyton Ln.
Grand Prairie, Texas 75052
(502) 994-3571
ronke.lola@gmail.com
*Pro se Plaintiffs*

*/s/ Maximiliano D. Elizondo*
Counsel for Defendants